

Unsealed 6/10/2010

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COTY INC., ZINO DAVIDOFF SA,<br>CALVIN KLEIN TRADEMARK TRUST,<br>and CALVIN KLEIN COSMETICS CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>C LENU, INC., CARIDAD RODRIGUEZ, and VICTOR<br>L. RODRIGUEZ<br><br>Defendants. | Case No. **10-21812**<br>**CIV - HUCK**<br><br>MAGISTRATE JUDGE<br>O'SULLIVAN<br><br>FILED by ___ D.C.<br>JUN 0 3 2010<br>STEVEN M. LARIMORE<br>CLERK U.S. DIST. CT.<br>S. D. of FLA. – MIAMI |

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION AND RELATED CLAIMS

Plaintiffs, Coty Inc., Zino Davidoff SA, Calvin Klein Trademark Trust, and Calvin Klein Cosmetic Corporation (collectively, "Plaintiffs"), by and through undersigned counsel, hereby sue Defendants C Lenu, Inc., Caridad Rodriguez, and Victor L. Rodriguez (collectively "Defendants"), and allege as follows:

1.      Plaintiff, Coty Inc. ("Coty") manufactures and distributes fragrances under its own proprietary brands, as well as under many well-known fashion, celebrity and lifestyle brands pursuant to exclusive licenses from the brand owners.  Coty is the exclusive U.S. fragrance licensee and distributor of Plaintiff Zino Davidoff SA ("Zino Davidoff"), among many other well-known brand owners.  Coty is the indirect owner of Plaintiff Calvin Klein Cosmetic Corporation, the exclusive fragrance licensee of trademarks owned by Plaintiff Calvin Klein Trademark Trust (with Calvin Klein Cosmetic Corporation, "Calvin Klein").   Coty manufactures, distributes and sells highly successful lines of prestige fragrance products under



its own proprietary marks and under the DAVIDOFF and CALVIN KLEIN marks, among many others.

2.      Defendant, C Lenu, Inc., with its principals Caridad and Victor Rodriguez (collectively, "C Lenu" or "Defendants"), is engaged in the unlawful enterprise of tampering with and removing product codes from Plaintiffs' fragrance products.  These codes help ensure that the consuming public receives only safe and genuine topical fragrance products, and are critical to Plaintiffs' anti-counterfeiting and quality control efforts.  Counterfeit Coty fragrance products typically bear a bogus production code or no code at all.  In most cases, Plaintiffs have no way of knowing whether the counterfeits with no code were manufactured without a code or were subsequently decoded.

3.      Upon information and belief, C Lenu – pronounced "Clean You" as a nod to its business practices – removes the codes and other anti-counterfeiting devices from tens of thousands of fragrances per year.  This conduct interferes with Plaintiffs' quality control and anti-counterfeiting efforts, in which the product codes play a vital role, and puts at risk the health and well being of the consuming public.  Indeed, it is for this reason that C Lenu's conduct is a felony under Florida's Anti-Tampering Act and, to the extent it affects interstate or foreign commerce, a criminal offense under the Federal Anti-Tampering Act.

4.      Counterfeit products may be decoded.  In addition, because Plaintiffs can trace a genuine coded product to the distributor who diverted it from its authorized channels of trade, these rogue distributors enlist C Lenu and others to remove the codes to avoid detection.  These decoded fragrances are no longer traceable, are sold outside of authorized distribution channels, and are frequently commingled with counterfeit fragrances.

2

5.      This Court, as well as the Eleventh and Second Circuit Courts of Appeals, has held that the sale of decoded fragrances violates the Lanham Act, the federal trademark statute. *See Davidoff & Cie SA  v. PLD Int'l Corp.*, 56 U.S.P.Q.2d 1753 (S.D. Fla. 2000), *aff'd*, 263 F.3d 1297 (11th Cir. 2001); *Davidoff SA v. CVS Corp.*, No. 06 CV 15332 (KMK), 2007 WL 1933932 (S.D.N.Y. July 2, 2007), *aff'd*, 571 F.3d 238 (2d Cir. 2009).  Defendants are supplying those unlawful and infringing fragrances to the unauthorized distributors who, in turn, sell them to retailers such as CVS.  Through this action, Plaintiffs seek to stem the tide of unlawful and potentially dangerous fragrances at its source.

6.      Plaintiffs bring claims for direct trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); contributory trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); contributory unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment of Plaintiffs' famous marks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the law of Florida, FLA. STAT. ANN. § 495.151; and unfair competition under common law. Plaintiffs seek injunctive relief, an accounting, treble damages, compensatory damages, recovery of their costs and attorneys' fees and other relief authorized by the Lanham Act and applicable state law.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331,

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

1338(a), 1338(b), 1367, and under principles of pendent jurisdiction.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

9.     Coty is a corporation organized and existing under the laws of New York, with a principal place of business at Two Park Avenue, Seventeenth Floor, New York, New York 10016.  In addition to owning all trademark rights in its own proprietary brands, Coty (either directly or through its wholly owned subsidiaries is also the exclusive fragrance licensee and distributor for Zino Davidoff and Calvin Klein, among other well-known brand owners.

10.    Zino Davidoff is a joint stock company organized and existing under the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg, Switzerland. Zino Davidoff is the owner of all trademark rights in DAVIDOFF and COOL WATER for fragrances (among other marks) in the U.S.  Zino Davidoff also owns all trade dress rights in DAVIDOFF Fragrances.

11.    Calvin Klein Trademark Trust is a Delaware business trust organized and existing under the laws of Delaware with a business address at Wilmington Trust Company Trustee c/o Calvin Klein, Inc., 205 West 39th Street, New York, New York 10018.

12.    Calvin Klein Cosmetic Corporation is a corporation organized and existing under the laws of Minnesota with a principal place of business at Two Park Avenue, 17th Floor, New York, New York 10016.

4

13.    Calvin Klein Trademark Trust owns all trademark rights in CALVIN KLEIN and CK for fragrances (among other marks) in the U.S.  Calvin Klein Cosmetic Corporation, owned by Coty, is the exclusive fragrance licensee of trademarks owned by Calvin Klein Trademark Trust.

14.    Upon information and belief, C Lenu is a corporation organized and existing under the laws of Florida with a registered business address at 17214 NW 48th Avenue, Miami, Florida 33055, and a principal place of business at 8157 NW 60th Street, Miami, Florida 33166. Upon information and belief, C Lenu removes quality control and anti-counterfeiting devices generally, unlawfully creates and distributes infringing products, tampers with products, and transacts its business in this District and throughout the United States.

15.    Upon information and belief, C Lenu's principals Caridad and Victor L. Rodriguez have direct involvement, participation and a financial interest in, as well as supervision over, the unlawful acts complained of herein.

## FACTS SUPPORTING PLAINTIFFS' REQUESTED RELIEF

16.    To ensure the consistently high quality of their fragrance products and to prevent the sale of counterfeits and stolen products, Plaintiffs apply unique serial numbers to units of ZINO DAVIDOFF and CALVIN KLEIN fragrance product at the time of manufacture.  These codes are, in effect, a certification of the high quality of Plaintiffs' fragrance products because they permit Plaintiffs to keep inferior and counterfeit fragrance products off the market.  The Courts of Appeals for the Second and Eleventh Circuits have both held that the sale of products from which such codes have been removed – also known in the industry as "decoded" products – violates Sections 32(1) and 43(a) of the Lanham Act.

5

17.    Plaintiffs exercise strict quality control over the production of their fragrance products, including manufacturing and bottling the fragrance products, the completed packaging, transportation, distribution, and sale through authorized distributors who will maintain the prestige of the brands.

18.    Upon information and belief, Defendants operate a business "decoding" and removing other anti-counterfeiting devices from fragrance products.  Upon information and belief, Defendants' customers drop off fragrance products at Defendants' decoding facility, Defendants decode each unit of fragrance product, and then distribute this infringing  product either to the customers or directly to the customers' retailers.

19.    Upon information and belief, C Lenu routinely tampers with thousands of fragrance products bearing famous trademarks, including, but not limited to, Zino Davidoff, Calvin Klein and other brands licensed to Coty.

20.    Defendants' act of decoding Plaintiffs' fragrance products is a deliberate effort to interfere with Plaintiffs' established quality control and anti-counterfeiting efforts for the purpose of diverting fragrance products outside of Plaintiffs' usual prestige distribution channels.

21.    Defendants' decoded fragrance products are materially different from Plaintiffs' genuine goods, but are passed off to the public as genuine products.

22.    Defendants' conduct also violates relevant anti-tampering statutes designed to protect consumer health and safety, and deprives Plaintiffs of the ability to maintain the prestige and reputation of the brands sold under their marks.

6

23.    Defendants' actions are causing irreparable harm to Plaintiffs and the public by threatening consumer safety, creating consumer confusion, and tarnishing and diluting Plaintiffs' famous trademarks.

DAVIDOFF FRAGRANCES

24.    The DAVIDOFF brand was created in 1911 in Geneva, Switzerland, and is today one of the world's most well known and highly respected brands for luxury products, including a line of fine fragrances (the "DAVIDOFF Fragrances").   The DAVIDOFF mark has been extensively used in U.S. commerce for many years. Zino Davidoff's DAVIDOFF Fragrances are renowned for their high quality.

25.    Zino Davidoff's DAVIDOFF Fragrances have been distributed in interstate commerce throughout the United States, including in this judicial district, for many years.  For example, Zino Davidoff launched DAVIDOFF COOL WATER eau de toilette for men in the U.S. in 1989 and its women's DAVIDOFF COOL WATER fragrance product in the U.S. in 1997.

26.    Zino Davidoff's DAVIDOFF Fragrances are identified and distinguished by the use of both the DAVIDOFF mark and a secondary mark, such as COOL WATER, RELAX or ADVENTURE (collectively, the "DAVIDOFF Marks").

27.    Because of Zino Davidoff's exclusive and extensive use of the DAVIDOFF Marks, the marks have acquired enormous value, certain of the marks have become famous among the consuming public and trade, and all are recognized as identifying and distinguishing Zino Davidoff exclusively and uniquely as the source of products sold under the marks.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

28.     Zino Davidoff owns numerous U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,439,621 for DAVIDOFF and Design, Reg. No. 1,453,815 for ZINO DAVIDOFF, Reg. No. 1,735,958 for DAVIDOFF COOL WATER and Design, Reg. No. 1,735,965 for COOL WATER, Reg. No. 1,744,198 for DAVIDOFF RELAX and Design, Reg. No. 1,753,520 for DAVIDOFF RELAX and Design, Reg. No. 2,609,218 for DAVIDOFF, Reg. No. 2,723,215 for Design for bottle shape, Reg. No. 2,950,263 for DAVIDOFF COOL WATER DEEP, Reg. No. 3,174,289 for SILVER SHADOW, Reg. No. 3,184,046 for GAME, Reg. No. 3,242,675 for SILVER SHADOW, Reg. No. 3,247,745 for DAVIDOFF, and Reg. No. 3,547,054 for DAVIDOFF ADVENTURE.  All of the foregoing registrations are valid, subsisting, and in full force and effect.  Moreover, as many of these registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Zino Davidoff's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit A.

CK FRAGRANCES

29.     The CALVIN KLEIN brand was created by Calvin Klein, Inc. (then Calvin Klein, Company) in 1968, and has become one of the world's most recognized and respected brands for clothing and other high-quality items, including a line of popular fragrance products marketed under Calvin Klein's CALVIN KLEIN, CK, ETERNITY, and OBSESSION marks (the "CK

8

Fragrances"). CK Fragrances are consistently popular with and well-respected by the trade and the consuming public.

30.     CK Fragrances have been distributed in interstate commerce throughout the U.S., including in this judicial district, for many years. For example, Calvin Klein launched the CK ONE unisex fragrance in 1994 and the CK BE unisex fragrance in 1996.

31.     CK Fragrances are identified and distinguished by the use of both the CALVIN KLEIN and/or CK marks and a secondary mark, such as ONE, BE, FREE, ETERNITY, or OBSESSION (collectively, the "CK Marks"). Because of Calvin Klein's exclusive and extensive use of the CK Marks, the marks have acquired enormous value, certain of the marks have become famous among the consuming public and trade, and all are recognized as identifying and distinguishing Calvin Klein exclusively and uniquely as the source of products sold under the marks.

32.     Calvin Klein owns numerous U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 2,234,623 for CK (stylized), Reg. No. 1,946,318 for CK ONE, Reg. No. 1,969,912 for CK ONE CALVIN KLEIN, Design, and Reg. No. 2,133,753 for CK ONE, Reg. No. 3,756,039 for CKFREE, Reg. No. 1,608,723 for ETERNITY, and Reg. No. 1,435,231 for OBSESSION. All of the foregoing registrations are valid, subsisting, and in full force and effect. Moreover, as many of these registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Calvin Klein's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as

9

provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit B.

COTY FRAGRANCES

33.     Coty is the exclusive U.S. fragrance licensee and distributor for many well known brand owners, and manufactures, distributes and sells numerous popular fragrances including, *inter alia*, MARC JACOBS DAISY, MARC JACOBS LOLA, MARC JACOBS, SARAH JESSICA PARKER LOVELY, CHLOE, JLO LOVE AT FIRST GLOW, JLO LIVE LUXE, GWEN STEFANI LAMB, and VERA WANG.

34.     In addition, Coty owns trademarks for its own proprietary brands, and, through its wholly-owned subsidiary Lancaster Group GmbH, owns U.S. Trademark Registration No. 1,950,896 for the mark JOOP! For, among other things, perfume and eau de toilette. This registration is valid, subsisting, and in full force and effect. Moreover, as this registration is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, it serves as conclusive evidence of Coty's ownership of the mark and its exclusive right to use the mark in commerce on or in connection with all of the goods identified in the registration, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). A true and correct copy of the foregoing registration from the U.S. Patent and Trademark Office is attached as Exhibit C.

PRODUCT CODES

35.     Plaintiffs exercise strict quality control over the production of the fragrances sold under the DAVIDOFF Marks, the CK Marks, and the JOOP! mark, as well as over their bottling, their completed packaging, and their distribution. Coty marks each bottle of, *inter alia*, DAVIDOFF ADVENTURE, CK FREE and JOOP! HOMME, as well as its outer packaging,

10

with a unique code used as a quality assurance, anti-counterfeiting and anti-theft measure (the "Production Code"). The Production Code is particularly important for maintaining the integrity of the Plaintiffs' fragrances.

36.     For example, the Production Code permits the brand owners and Coty to take corrective action in the event a product defect should arise and to protect the market from counterfeit products. The Production Code indicates, among other things, the day, month and year in which the fragrance unit was manufactured, and this coding system provides full traceability from the moment the unit is produced to the point of consumer purchase. Further, a consumer who experiences any quality issues with a particular unit can provide that unit's Production Code to Plaintiffs, who can then provide detailed information about the formulation of the product to assist in rectifying any allergic reaction or other health or safety issue, as well as to pinpoint and resolve any production problems.

37.     The Production Code also serves as an anti-counterfeiting device, and assists Plaintiffs in identifying counterfeit fragrances and removing them from the marketplace. Counterfeit Coty fragrance products typically bear the same bogus code on multiple units or lack any code at all. As a result, by looking only at the Production Code (or lack thereof) affixed to a given fragrance product, Plaintiffs are often able to identify counterfeit goods and take the actions necessary to remove them from the market.

38.     Coty applies a unique Production Code to products with a high risk of being counterfeited. Its other fragrance products bear a numeric batch code (the "Batch Code") on each unit, as well as its outer packaging, for tracing and resolving quality issues.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

DECODED FRAGRANCES

39.     Decoded Fragrances are products from which a real or bogus Production Code and/or Batch Code (collectively, "Code") has been removed, obscured, partially removed, overstickered or otherwise obliterated.  Coty fragrance products lacking a Code may be stolen or counterfeit, and, even those originally manufactured by Coty, are not subject to the same ongoing quality assurances as genuine product intended for sale in the U.S.  In *Davidoff & Cie SA v. PLD Int'l Corp.*, 263 F.3d 1297 (11th Cir. 2001) and *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238 (2d Cir. 2009), cases involving the very same product coding system involved in this case, the Courts of Appeals for the Second and Eleventh Circuits held that the sale of decoded DAVIDOFF Fragrances violates the Lanham Act.

40.     Products are decoded with varying degrees of finesse.  Often, the Codes on these bottles and boxes are cut off, abraded, or otherwise mutilated, giving the products a damaged appearance, as shown in Exhibit D.  In some cases, however, Codes are removed with chemicals, in a manner that does not damage the product packaging.  Such chemically decoded products are virtually indistinguishable from counterfeits with no Code, as shown in Exhibit E.  Representative examples of genuine, decoded and counterfeit units of Coty fragrance products are shown below:

12



**(Genuine Product)**      **(Decoded Product)**

**(Counterfeit Product With Fake Code)**      **(Counterfeit Product With No Code)**

41.    Decoded Fragrances are generally sold by distributors who are not authorized to sell these fragrance products in the United States and are frequently found in mixed shipments with counterfeit products.  Upon information and belief, the products are decoded to hide the fact that they are stolen or counterfeit product or to conceal the identity of the seller who is diverting the product outside authorized distribution channels.

13

DEFENDANTS' DECODING OF PLAINTIFFS' FRAGRANCES

42.     Upon information and belief C Lenu is unlawfully engaged in the business of stripping fragrance products of codes and other quality control and anti-counterfeiting devices and introduces into interstate commerce tens of thousands of units of decoded fragrances each year,, including many Coty fragrance products.

43.     Plaintiffs' investigators have recovered hundreds of Production Codes removed by C Lenu from product packages, as well as a price quote prepared for a potential customer of C Lenu, instructions on how to remove the code from a fragrance bottle, invoices, journals, portions of labels, bottles of chemicals used to remove codes, and product sleeves, confirming that C Lenu is engaged in systematic product tampering.   Examples of codes stripped from Plaintiffs' fragrance products discarded by C Lenu are shown below:







**(Representative Examples of Plaintiffs' Production Codes Stripped by C Lenu)**

44.     Upon information and belief, C Lenu has been decoding Plaintiffs' fragrance products since at least as early as 2006.  Upon information and belief, C Lenu is decoding and

14

subsequently distributing at least the following fragrance products manufactured by Coty and for which Coty is the exclusive licensee, and probably others as well: DAVIDOFF ADVENTURE, DAVIDOFF HOT WATER, CK FREE, CALVIN KLEIN EUPHORIA, MARC JACOBS DAISY, MARC JACOBS LOLA, SARAH JESSICA PARKER LOVELY, CHLOE, JLO LOVE AT FIRST GLOW, JLO LIVE LUXE, GWEN STEFANI LAMB, and VERA WANG.  Shown below are representative handwritten notations found at C Lenu between 2008 and 2010 listing thousands of units of fragrance products:

 

**(Pages From Journal Found at C Lenu, Dated October 15, 2008 and July 28, 2009)**

15

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

AMERICANO        05/5/10

→ O.K FREE    $1 x 24 + 16 = 1,000

JARRY #35 - JOIA - 10 X 12 = 120 PCS

AVOE - 10 X 18 + 20
200 PC.

AMERICANO 1/2 - 20 X 24 = 480 PCS

21 X 24 + 16 - 520 PC.
TOTAL 1,000 PCS

NELSON #40 - J.PG  20 X 24 + 20
500 PCS

NELSON - EUPHORIA - $3 PC ←
(VARIADO)
VERA WANG - $32 PC

NELSON - ISSEY MIYAKE (W) 10 X 80 $8
NELSON         500 PCS

ISSEY MIYAKE (W)   500 PCS.  20 X 24 + 20

ISSEY MIYAKE (M) 500 PCS. 20 X 24 + 20

**(Notations Found at C Lenu, Dated May 5, 2010)**

16

45.     Plaintiffs do not countenance the decoding of Plaintiffs' fragrance products.  In many instances the removal of the Code and resulting mutilation of Decoded Fragrances degrades the products.  In addition, regardless of whether the product packaging has been damaged, the absence of the Code significantly interferes with Plaintiffs' anti-counterfeiting, quality control and anti-theft programs by hindering Plaintiffs' ability to trace the products, thereby potentially endangering the public by preventing Plaintiffs from identifying fakes, resolving quality problems, and recalling defective products.  Further, the absence of the Production Code and/or the mutilation of the packaging are each in and of themselves material differences from the authorized fragrances that are distributed by Coty in the U.S.  The Decoded Fragrances are therefore infringing products under U.S. trademark law.

46.     Defendants' Decoded Fragrances are likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that these unlicensed and unauthorized products are authorized and backed by Plaintiffs, when in fact they are not.  Purchasers and prospective purchasers viewing Defendants' unauthorized Decoded Fragrances and perceiving a defect, lack of quality, or any other irregularity are likely to attribute them mistakenly to Plaintiffs.  The likelihood of confusion, mistake and deception engendered by Defendants' unauthorized products is causing irreparable harm to Plaintiffs' reputation and good will and impairing the efficacy of their anti-counterfeiting efforts.

47.     In addition, due to the nature of the product at issue here, a topical cosmetic, Defendants' sale of Decoded Fragrances poses a serious risk to public health and safety.  By causing such a likelihood of confusion, mistake, deception and potential public health risk, Defendants are inflicting irreparable harm to the public health and welfare.

17

48.    Indeed, Defendants' actions are in direct violation of Florida's Anti-Tampering Act, FLA. STAT. ANN § 501.001, *et seq.*, and, to the extent they affect interstate or foreign commerce, the Federal Anti-Tampering Act, 18 U.S.C. § 1365, both criminal statutes designed to protect consumer health and safety.

49.    Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

## FIRST CLAIM FOR RELIEF
## FOR DIRECT FEDERAL TRADEMARK INFRINGEMENT  (15 U.S.C. § 1114)

50.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 49 above, and incorporate them herein by reference.

51.    The absence of the Code and/or the mutilation of the packaging of Decoded Fragrances resulting from decoding renders them materially different from Plaintiffs' fragrance products authorized for sale in the United States, and such products are not genuine.

52.    Decoded units of Plaintiffs' fragrance products distributed by Defendants are likely to confuse and mislead consumers in the marketplace into believing that these unlicensed and unauthorized products are authorized and backed by Plaintiffs, when in fact they are not.

53.    Defendants' decoding and distribution of products bearing the DAVIDOFF Marks, the CK Marks, or the JOOP! mark is likely to cause confusion, mistake or deception as to the source or sponsorship of these products.  As a result of Defendants' unauthorized use of the federally registered DAVIDOFF Marks, CK Marks, and JOOP! mark (collectively, "Plaintiffs' Marks") on materially different goods, the public is likely to believe that these goods have been manufactured and/or approved by Plaintiffs and are subject to Plaintiffs' quality control measures.

18

54.     The removal of the Code from Plaintiffs' fragrance products deprives Plaintiffs of the ability to ensure the consistently high quality of products bearing Plaintiffs' Marks, and to maintain the prestige and reputation of their respective brands.  The removal of the Production Code also hinders Plaintiffs' ability to protect the market from counterfeit fragrance products.

55.     Defendants' infringement of Plaintiffs' federally registered Marks is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

### SECOND CLAIM FOR RELIEF
### FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

57.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 56 above, and incorporate them herein by reference.

58.     Upon information and belief, in addition to infringing the registered marks of Zino Davidoff and Calvin Klein and their common law trademark rights derived from use, Defendants are infringing the exclusive trademark rights granted to Coty by other brand owners. As an exclusive licensee, Coty has standing to bring a claim under Section 43(a) of the Lanham Act for such infringements.

19

59.     Defendants' unauthorized distribution of decoded units of Plaintiffs' fragrance products constitutes a false designation of origin and a false description or representation that Plaintiffs certify the quality and authenticity of such products, when in fact they do not, and is thereby likely to deceive the public.

60.     By removing the Code from Plaintiffs' fragrance products Defendants impair Plaintiffs' quality control and anti-counterfeiting programs, and deprive Plaintiffs of the ability to maintain the prestige and reputation of the brands sold under Plaintiffs' Marks.

61.     Defendants are using Plaintiffs' Marks with full knowledge that they are associated exclusively with Plaintiffs and exclusively designate Plaintiffs' respective fragrance products. Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks.

62.     Defendants' decoding of Plaintiffs' fragrance products and distribution of the Decoded Fragrances violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

63.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FOR CONTRIBUTORY FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1114)

64.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 63 above, and incorporate them herein by reference.

65.     Upon information and belief, Defendants' customers are infringing Plaintiffs' trademarks by selling the products decoded by C Lenu.

20

66.     Defendants supply their services and decoded products to these customers who they know or have reason to know are engaged in the distribution and sale of unlawful Decoded Fragrances and have continued to supply these services despite this knowledge.

67.     Defendants knowingly and materially assist in or contribute to the infringing sales made by the vendors for whom they decode fragrance products.

68.     Defendants are contributorily liable for the infringing acts of their customers.

69.     Defendants' contributory infringement of the Plaintiffs' federally registered Marks is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

70.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' business of decoding units of Plaintiffs' fragrance products.

## FOURTH CLAIM FOR RELIEF
### FOR CONTRIBUTORY FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

71.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 70 above, and incorporate them herein by reference.

72.     Upon information and belief, Defendants are competing unfairly with Plaintiffs.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

73.     Defendants supply their services and decoded products to third parties who they know or have reason to know are engaged in the distribution and sale of unlawful Decoded Fragrances and have continued to supply these services despite this knowledge.

74.     Defendants knowingly and materially assist in or contribute to the infringing sales made by the vendors for whom they decode fragrance products.

75.     Defendants are contributorily liable for the infringing acts of their customers.

76.     Defendants' acts of contributory unfair competition are willful and deliberate, with an intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks, and violate Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

77.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### FOR FEDERAL DILUTION AND INJURY
### TO BUSINESS REPUTATION (15 U.S.C. § 1125(c))

78.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 77 above, and incorporate them herein by reference.

79.     Many of Plaintiffs' Marks, including but not limited to the CALVIN KLEIN and DAVIDOFF house marks, are famous and well known throughout the United States, having been used exclusively and extensively for many years.  By reason of extensive advertising and use, Plaintiffs' Marks have become highly distinctive of Plaintiffs' respective goods and are uniquely associated with Plaintiffs.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

80.     By removing the codes from Plaintiffs' fragrance products, the infringing product created by Defendants is a completely different product from the one originally created by Plaintiffs. Defendants' modification of Plaintiff's fragrance products results in a different product because the fragrance product bearing Plaintiffs' Marks is no longer subject to Plaintiffs' quality control measures.  Defendants traffic in the sale of decoded fragrances by distributing this infringing product to its customers and, upon information and belief, directly to third parties for sale.

81.     Defendants' commercial use of certain of Plaintiffs' Marks on the Decoded Fragrances has diluted and continues to dilute the distinctive quality of these famous marks by lessening their capacity to identify and distinguish Plaintiffs exclusively as the source of goods bearing or provided under their respective Marks.

82.     Defendants' commercial use of Plaintiffs' Marks further dilutes such marks by associating them with a product of inferior quality, thereby tarnishing the marks.

83.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks or to cause dilution of Plaintiffs' Marks, to the great and irreparable injury of Plaintiffs.

84.     Upon information and belief, Defendants do not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, any of the Plaintiffs' Marks and cannot assert any rights in Plaintiffs' Marks that are prior to Plaintiffs' first use of these marks.

85.     Defendants' conduct violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

86.    The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION**

87.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 86 above, and incorporate them herein by reference.

88.    Plaintiffs have extensively and continuously promoted and used the Plaintiffs' Marks in the United States, and the marks have thereby become distinctive and well-known symbols of Plaintiffs' fragrance products, with certain of the marks becoming distinctive and famous in the state of Florida.

89.    Defendants' commercial use of Plaintiffs' Marks on the Decoded Fragrances began after Plaintiffs' Marks had become famous and has diluted and continues to dilute the distinctive quality of the Plaintiffs' Marks by lessening their capacity to identify and distinguish Plaintiffs exclusively as the source of goods bearing or provided under their respective marks.

90.    Defendants' commercial use of Plaintiffs' Marks further dilutes such marks by associating them with a product of inferior quality, thereby tarnishing the marks.

91.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks or to cause dilution of such marks, to the great and irreparable injury of Plaintiffs.

92.    Defendants are causing and will continue to cause irreparable injury to Plaintiffs' respective goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive marks in violation of the Florida anti-dilution statute, FLA.

24

STAT. ANN. § 495.151 (West 2003), as well as upon information and belief the anti-dilution laws of the several other states.

93.     Plaintiffs therefore are entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### FOR COMMON LAW UNFAIR COMPETITION

94.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 93 above, and incorporate them herein by reference.

95.     The removal of the Production Code and/or mutilation of the packaging of Plaintiffs' Fragrances renders them materially different from Plaintiffs' fragrance products authorized for sale in the U.S., and such products are not genuine.

96.     Defendants' unauthorized distribution of Decoded Fragrances constitutes a false designation of origin and a false description or representation that Defendants' distribution of such products is authorized by Plaintiffs, and is thereby likely to confuse consumers.

97.     The removal of the Code from Plaintiffs' Fragrances takes out of Plaintiffs' control the quality of products bearing Plaintiffs' Marks and deprives Plaintiffs of the ability to maintain the prestige and reputation of the brands sold under Plaintiffs' Marks.

98.     Defendants are using Plaintiffs' Marks with full knowledge that they are associated exclusively with Plaintiffs and exclusively designate Plaintiffs' respective fragrances. Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks.

99.     Defendants' business of decoding Plaintiffs' fragrances and distribution of the Decoded Fragrances constitutes common law unfair competition.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

100.    The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1.    That an injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

a) removing, obscuring, partially removing, over-stickering, or otherwise defacing or obliterating by any means a Production Code or Batch Code on any of the products sold under Plaintiffs' Marks  or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any of the products sold under Plaintiffs' Marks with a removed, obscured, partially removed, over-stickered, or otherwise defaced or obliterated Production Code or Batch Code;

b) tampering with or mutilating the packing of Plaintiffs' products in any other manner prohibited by Florida's Anti-Tampering Act, FLA. STAT. ANN § 501.001, *et seq.* or the Federal Anti-Tampering Act, 18 U.S.C. § 1365;

c) imitating, copying, or making unauthorized use of Plaintiffs' Marks;

d) importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks;

26

e) using Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiffs or to any goods sold, manufactured, sponsored, approved by or connected with Plaintiffs;

f) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendants is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

g) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting infringement of Plaintiffs' Marks;

h) taking any action, including through the use of Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, that dilutes the unique association between Plaintiffs and their marks, or that tarnishes the reputation or image of Plaintiffs;

i) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, during the pendency of this action;

j) disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence or documents (including computer

27

records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, distribution of, or removal or other obliteration of any serial number, Production Code, Batch Code or other quality control or anti-counterfeiting measure from any merchandise bearing Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, during the pendency of this action;

k)   directly or indirectly informing Defendants' source(s) for any merchandise bearing Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, of this action or any of Plaintiffs' claims herein, during the pendency of this action; or

l)   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (k) above.

2.   Directing that Defendants make available to Plaintiffs for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents and things concerning all transactions relating to the purchase or sale and unauthorized use of, or removal of Production Codes or Batch Codes from, products or packaging incorporating Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and provide Plaintiffs the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers.

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 • (305) 446-6191 telecopier

3.      Directing that Defendants deliver to Plaintiffs' counsel for destruction at Defendants' costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof.

4.      Directing that Defendants recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendants under or in connection with Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and, upon recall, to deliver such goods up to Plaintiffs' counsel for destruction at Defendants' costs.

5.      Requiring Defendants to account for and pay over to Plaintiffs three times the profits realized by Defendants from their infringement of the Plaintiffs' Marks and their unfair competition with Plaintiffs.

6.      Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b) arising out of Defendants' acts of willful trademark infringement, willful unfair competition and trademark dilution.

7.      Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

8.      Awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

9.      Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

29

10.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services modified, offered, advertised or promoted by or on behalf of Defendants are authorized by Plaintiffs or related in any way to products sold under Plaintiffs' Marks.

11.     Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

12.     Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Date:   June 3, 2010                              Respectfully submitted,

                                                 **LOTT & FRIEDLAND, P.A.**

                                                 s/Jaime Rich
                                                 By: Leslie J. Lott
                                                     Florida Bar No. 182196
                                                     Jaime Rich
                                                     Florida Bar No. 30932
                                                     355 Alhambra Circle
                                                     Suite 1100 (zip code: 33134)
                                                     Post Office Drawer 141098
                                                     Coral Gables, Florida 33114
                                                     (305) 448-7089 telephone
                                                     (305) 446-6191 telecopier
                                                     e-mail: ljlott@lfiplaw.com
                                                     e-mail: jrich@lfiplaw.com

                                                 and

                                                 **KILPATRICK STOCKTON LLP**
                                                 Lisa Pearson (LP 4916)
                                                 (application for admission *pro hac vice* to be filed)
                                                 Robert Potter (RP 5757)
                                                 (application for admission *pro hac vice* to be filed)

30

31 West 52nd Street, 14th Floor
New York, NY 10019
 (212) 775-8700 telephone
 (212) 775-8800 telecopier
e-mail: lpearson@kilpatrickstockton.com
e-mail: rpotter@kilpatrickstockton.com

*Attorneys for Plaintiffs Coty, Inc., Zino
Davidoff SA, Calvin Klein Trademark Trust,
and Calvin Klein Cosmetics Corporation*

31

<u>VERIFICATION</u>

I, Guido Baumgartner, am Director of Global Brand Protection at Coty Germany GmbH. I declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts alleged therein are true and correct of my own personal knowledge, except for those matters alleged to be on information and belief, and as to them, I believe those matters to be true and correct.



Guido Baumgartner
Director of Global Brand Protection, Coty Germany GmbH

Subscribed and sworn to before me this 1st day of June, 2010.



Notary Public

My Commission Expires: JULY 26, 2012



OFELIA G. CUSTODIO
Notary Public - State of New York
No. 01CU6113223
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires July 26, 2012

# EXHIBIT A

Int. Cls.: 3 and 30

Prior U.S. Cls.: 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 1,439,621
Registered May 12, 1987

### TRADEMARK
SUPPLEMENTAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: TOILET WATER, SHAVING CREAM, AFTER SHAVE, AFTER SHAVE CREAM, MOISTURIZING CONCENTRATE, SHOWER GEL, BODY LOTION, DEODORANT SPRAY, DEODORANT STICK, ANTI-PERSPIRANT, BATH SOAP, PERFUME, HAIR LOTION AND DENTIFRICE , IN CLASS 3 (U.S. CLS. 51 AND 52).

FOR: COFFEE, TEA, SPICE, COCOA, SUGAR, RICE, TAPIOCA, SAGO, FLOUR, BREAD, BISCUITS, CAKES, PASTRY, CANDY AND FLAVORED OR FRUIT ICES, IN CLASS 30 (U.S. CL. 46).

OWNER OF SWITZERLAND REG. NO. 338119, DATED 2-2-1985, EXPIRES 2-2-2005.

SER. NO. 553,140, FILED P.R. 8-12-1985; AM. S.R. 12-18-1985.

MICHAEL HAMILTON, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 4, 6, 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,453,815
Registered Aug. 25, 1987

### TRADEMARK
#### PRINCIPAL REGISTER

## ZINO DAVIDOFF

DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
ZOUG, SWITZERLAND

FOR: MEN'S TOILETRIES, NAMELY TOILET SOAPS, BATH SOAPS, PERFUMES, TOILET WATER, SHAVING CREAMS, PRE-SHAVING CREAMS, AFTER SHAVE, DE-ODORANTS (SPRAYS AND STICKS), ANTI-PERSPIRANTS, MOISTURIZING CONCEN-TRATES, BODY LOTIONS, HAIR LOTIONS

AND DENTIFRICES, IN CLASS 3 (U.S. CLS. 4, 6, 51 AND 52).

OWNER OF SWITZERLAND REG. NO. 342749, DATED 10-11-1985, EXPIRES 10-11-2005.

THE NAME "ZINO DAVIDOFF" IS THE NAME OF A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 628,622, FILED 11-4-1986.

GABRIELLE SIMAN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,735,958
Registered Dec. 1, 1992

### TRADEMARK
#### PRINCIPAL REGISTER

*Davidoff*
*Cool Water*

DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: TOILETRIES; NAMELY, EAU DE TOILETTE, AFTERSHAVE LOTION, SKIN ENERGIZER (TONIC), SHOWER GEL, SHAMPOO, BODY LOTION, PERSONAL DEODORANTS AND ANTIPERSPIRANTS, AND BODY SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 6-0-1988; IN COMMERCE 6-6-1989.

OWNER OF U.S. REG. NOS. 1,432,571, 1,538,769 AND OTHERS.

SER. NO. 74-153,663, FILED 4-1-1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,735,965
Registered Dec. 1, 1992

### TRADEMARK
### PRINCIPAL REGISTER

## COOL WATER

DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: TOILETRIES; NAMELY, EAU DE TOILETTE, AFTERSHAVE LOTION, SKIN ENERGIZER (TONIC), SHOWER GEL, SHAMPOO, BODY LOTION, PERSONAL DEODORANTS AND ANTIPERSPIRANTS, AND BODY SOAP, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 6-0-1988; IN COMMERCE 6-6-1989.

SER. NO. 74-185,501, FILED 7-16-1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,744,198
Registered Jan. 5, 1993

### TRADEMARK
#### PRINCIPAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: EAU DE TOILETTE, SHAVING CREAM, AFTERSHAVE LOTION, PRE-ELECTRIC SHAVE LOTION, TOILET SOAP, SKIN LOTION, HAIR LOTION, SHOWER GEL, IN CLASS 3 (U.S. CLS. 51 AND 52).

PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 388859, FILED 3-14-1991, REG. NO. 388859, DATED 3-14-1991, EXPIRES 3-14-2011.
OWNER OF U.S. REG. NOS. 1,432,571, 1,538,769 AND OTHERS.

SER. NO. 74-153,661, FILED 4-1-1991.

STEPHEN JEFFRIES, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,753,520
Registered Feb. 23, 1993

## TRADEMARK
## PRINCIPAL REGISTER



DAVIDOFF EXTENSION S.A. (SWITZERLAND CORPORATION)
ALPENSTRASSE 14
6300 ZUG, SWITZERLAND

FOR: EAU DE TOILETTE, SHAVING CREAM, AFTER SHAVE LOTION, PRE-ELECTRIC SHAVE LOTION, TOILET SOAP, SKIN LOTION, HAIR LOTION, SHOWER GEL, IN CLASS 3 (U.S. CLS. 51 AND 52).

PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 390151, FILED 3-14-1991, REG. NO. 390151, DATED 3-14-1991, EXPIRES 3-14-2011.

OWNER OF U.S. REG. NOS. 1,432,571, 1,538,769 AND OTHERS.

THE DRAWING IS LINED FOR THE COLORS GREEN AND BLUE, AND COLOR IS CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORDING "DAVIDOFF" AND "RELAX" ON A BLACK, GREEN AND BLUE BACKGROUND OF MISCELLANEOUS DESIGN.

SER. NO. 74–155,199, FILED 4–8–1991.

STEPHEN JEFFRIES, EXAMINING ATTORNBY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,609,218
Registered Aug. 20, 2002

### TRADEMARK
### PRINCIPAL REGISTER

## DAVIDOFF

DAVIDOFF & CIE SA (SWITZERLAND COR-
PORATION)
2 RUE DE RIVE
1290 GENEVA, SWITZERLAND

FOR: COSMETICS, NAMELY, EAU DE TOIL-
ETTE, PERFUMES, PRE-SHAVE AND AFTER
SHAVE PREPARATIONS, SKIN ENERGIZING
TONIC, SHOWER GEL, BODY SOAP, HAIR SHAM-
POO; SUN PROTECTION, AFTER SUN AND TAN-
NING PREPARATION, BODY LOTION, PERSONAL
DEODORANTS AND ANTIPERSPIRANTS, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 0-0-1984; IN COMMERCE 0-0-1991.

OWNER OF U.S. REG. NOS. 1,052,564, 1,432,571
AND OTHERS.

SEC. 2(F).

SER. NO. 76-224,810, FILED 3-13-2001.

LOURDES AYALA, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,723,215
Registered June 10, 2003

## TRADEMARK
### PRINCIPAL REGISTER



DAVIDOFF & CIE SA (SWITZERLAND COR-
PORATION)
2 RUE DE RIVE
1200 GENEVA, SWITZERLAND

FOR: EAU DE TOILETTE, AFTERSHAVE LO-
TION, SKIN ENERGIZING TONIC, SHOWER GEL,
HAIR SHAMPOO, BODY LOTION, PERSONAL
DEODORANT, ANTIPERSPIRANT, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 0-0-1988; IN COMMERCE 0-0-1992.

THE STIPPLING ON THE MARK IS USED FOR
SHADING PURPOSES ONLY AND IS NOT A FEA-
TURE OF THE MARK.

SEC. 2(F).

SER. NO. 76-242,751, FILED 4-17-2001.

SOPHIA S. KIM, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,950,263
Registered May 10, 2005

**TRADEMARK**
**PRINCIPAL REGISTER**

## DAVIDOFF COOL WATER DEEP

ZINO DAVIDOFF SA (SWITZERLAND COR-
PORATION)
RUE FAUCIGNY 5
1700 FRIBOURG, SWITZERLAND

FOR: TOILETRIES, NAMELY, AFTER-SHAVE
LOTION, SKIN ENERGIZER, SKIN TONIC, SHOW-
ER GEL, SHAMPOO, BODY LOTION, PERSONAL
DEODORANTS AND ANTI-PERSPIRANTS, AND
BODY SOAP; PERFUMERY, EAU DE TOILETTE,
IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-1-2004; IN COMMERCE 9-1-2004.

OWNER OF U.S. REG. NOS. 1,432,571, 2,024,983,
AND OTHERS.

SN 78-310,238, FILED 10-7-2003.

PAUL F. GAST, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 3,174,289

Registered Nov. 21, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# SILVER SHADOW

ZINO DAVIDOFF SA (SWITZERLAND JOINT STOCK COMPANY)
RUE FAUCIGNY 5
CH-1700 FRIBOURG
SWITZERLAND

FOR: SOAPS FOR PERSONAL USE; PERFUMERY; ESSENTIAL OILS; COSMETICS, EXCEPT MAKE-UP PREPARATIONS; DENTIFRICES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY DATE OF 11-30-2004 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0853401 DATED 5-30-2005, EXPIRES 5-30-2015.

SER. NO. 79-012,109, FILED 5-30-2005.

SUSAN BILLHEIMER, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 3,184,046
Registered Dec. 12, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# GAME

ZINO DAVIDOFF SA (SWITZERLAND JOINT STOCK COMPANY)
RUE FAUCIGNY 5
CH-1700 FRIBOURG
SWITZERLAND

FOR: PERFUMERY, EAU DE TOILETTE, PRE-SHAVE CREAMS, AFTER-SHAVE LOTIONS, SKIN TONERS, SHOWER GELS, PERSONAL SOAPS, BODY LOTIONS, HAIR SHAMPOO AND CONDI-TIONER, SUN BLOCK PREPARATIONS, SUN SCREEN PREPARATIONS, AFTER-SUN LOTIONS, TANNING CREAMS, PERSONAL DEODORANTS AND ANTI-PERSPIRANTS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY DATE OF 8-16-2005 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0866179 DATED 10-12-2005, EXPIRES 10-12-2015.

SER. NO. 79-016,815, FILED 10-12-2005.

MARY BOAGNI, EXAMINING ATTORNEY

Int. Cls.: 3, 14 and 18

Prior U.S. Cls.: 1, 2, 3, 4, 6, 22, 27, 28, 41, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 3,242,675
Registered May 15, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# SILVER SHADOW

ZINO DAVIDOFF SA (SWITZERLAND JOINT STOCK COMPANY)
RUE FAUCIGNY 5
CH-1700 FRIBOURG
SWITZERLAND

FOR: SOAPS, INCLUDING TOILET SOAPS; PERFUMERY, ESSENTIAL OILS, COSMETICS EXCEPT MAKE-UP PREPARATIONS; NON-MEDICATED TOILETRIES; SUN-CARE PRODUCTS FOR TANNING, NAMELY, LOTIONS AND CREAMS; BATH AND SHOWER FOAMS AND GELS; TONICS FOR BODY CARE; COSMETIC SKIN LOTIONS, TANNING CREAMS, BODY MOISTURIZING CONCENTRATES NOT FOR MEDICAL PURPOSES; AFTER-SHAVE OILS, CREAMS, POWDERS AND LOTIONS; SHAVING CREAMS, PRE-SHAVE CREAMS; EAU-DE-COLOGNE; TOILET WATER; DEODORANTS FOR PERSONAL USE BEING SPRAYS AND STICKS, ANTIPERSPIRANTS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FOR: WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FOR: LEATHER PURSES AND BRIEFCASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY DATE OF 8-9-2005 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0879527 DATED 12-27-2005, EXPIRES 12-27-2015.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SILVER" IN INTERNATIONAL CLASS 14, APART FROM THE MARK AS SHOWN.

SER. NO. 79-021,839, FILED 12-27-2005.

MICHAEL KAZAZIAN, EXAMINING ATTORNEY

Int. Cls.: 3, 9, 11, 14, 16, 18, 25, 30 and 33

Prior U.S. Cls.: 1, 2, 3, 4, 5, 6, 13, 21, 22, 23, 26, 27, 28, 29, 31, 34, 36, 37, 38, 39, 41, 46, 47, 49, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,247,745
Registered May 29, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# DAVIDOFF

ZINO DAVIDOFF SA (SWITZERLAND JOINT STOCK COMPANY)
RUE FAUCIGNY 5
CH-1700 FRIBOURG
SWITZERLAND

FOR: SOAPS, INCLUDING TOILET SOAPS; PERFUMERY; ESSENTIAL OILS; COSMETICS; SUN-CARE PRODUCTS FOR TANNING, NAMELY, LOTIONS AND CREAMS; BATH AND SHOWER FOAMS AND GELS; TONICS FOR BODY CARE; COSMETIC SKIN LOTIONS; TANNING CREAMS; BODY MOISTURIZING CONCENTRATES NOT FOR MEDICAL PURPOSES; AFTER-SHAVE OILS, CREAMS, POWDERS AND LOTIONS; SHAVING CREAMS; PRE-SHAVE PRODUCTS, NAMELY, OILS, CREAMS, GELS AND LOTIONS; EAU-DE-COLOGNE; TOILET WATER; DEODORANTS FOR PERSONAL USE BEING SPRAYS AND STICKS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FOR: SPECTACLES, THEIR PARTS AND ACCESSORIES, NAMELY SPECTACLE HOLDERS, AND UNMOUNTED SPECTACLE FRAMES; AUTOMATIC COFFEE AND COFFEE-CAPSULE VENDING MACHINES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: ELECTRIC COFFEE MAKERS; ELECTRIC COFFEE POTS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FOR: JEWELRY; WATCHES; WATCH MOVEMENTS AND THEIR PARTS; PENDANTS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FOR: AGENDAS; PENCILS; PENS; FOUNTAIN PENS; PEN NIBS; DOCUMENT HOLDERS BEING PORTFOLIOS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: ATTACHÉ CASES; HANDBAGS; WALLETS; LEATHER PURSES; BRIEFCASES; KEY CASES; CREDIT CARD CASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING, NAMELY NECKTIES, SHIRTS, SUITS, PULLOVERS; BELTS MADE OF SKIN OR LEATHER, IN CLASS 25 (U.S. CLS. 22 AND 39).

FOR: COFFEE; SUGAR, IN CLASS 30 (U.S. CL. 46).

FOR: DISTILLED SPIRITS AND LIQUEORS, COGNAC, IN CLASS 33 (U.S. CLS. 47 AND 49).

PRIORITY DATE OF 7-8-2005 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0876874 DATED 11-7-2005, EXPIRES 11-7-2015.

SEC. 2(F).

SER. NO. 79-020,878, FILED 11-7-2005.

MICHAEL KAZAZIAN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 3,547,054

Registered Dec. 16, 2008

### TRADEMARK
### PRINCIPAL REGISTER

# DAVIDOFF ADVENTURE

ZINO DAVIDOFF SA (SWITZERLAND SOCIÉTÉ ANONYME)

RUE FAUCIGNY 5

CH-1700 FRIBOURG

SWITZERLAND

FOR: SOAPS, INCLUDING TOILET SOAPS; PERFUMERY; COSMETICS; BATH AND SHOWER FOAMS AND GELS; COSMETIC SKIN LOTIONS; BODY MOISTURIZING CONCENTRATES NOT FOR MEDICAL PURPOSES; AFTERSHAVE OILS, CREAMS AND LOTIONS, PRE-SHAVE PRODUCTS, NAMELY, OILS, CREAMS, GELS AND LOTIONS; EAU-DE-COLOGNE; TOILET WATER; DEODORANTS FOR PERSONAL USE BEING SPRAYS AND STICKS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY DATE OF 6-12-2007 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0942330 DATED 9-26-2007, EXPIRES 9-26-2017.

OWNER OF U.S. REG. NOS. 1,439,621, 1,453,815, AND 2,609,218.

SER. NO. 79-045,722, FILED 9-26-2007.

MATTHEW KLINE, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 2,234,623

Registered Mar. 23, 1999

## TRADEMARK
### PRINCIPAL REGISTER



CALVIN KLEIN TRADEMARK TRUST (DELA-WARE BUSINESS TRUST)
WILMINGTON TRUST COMPANY
RODNEY SQUARE NORTH1100 NORTH MARKET STREET1100 NORTH MARKET STREET
WILMINGTON, DE 19890

FOR: PERFUMES, NIGHT CREAM, BODY POWDER, HAIR SHAMPOO, PERSONAL DEO-DORANT, BODY CREAM, SHOWER GEL, CO-LOGNE, SKIN SOAP, SKIN MOISTURIZERS, HAIR CONDITIONER, SUN SCREEN, BATH OIL, SKIN CONDITIONING CREAM, HAND CREAM, AFTER SHAVE LOTIONS, NON-MEDICATED AFTER SHAVE BALM, AND HAIR STYLING GEL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6–6–1998; IN COMMERCE 6–6–1998.

OWNER OF U.S. REG. NOS. 1,810,850, 1,946,318, AND OTHERS.

SN 75–091,007, FILED 4–19–1996.

CHARLES L. JENKINS, EXAMINING ATTOR-NEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

**Reg. No. 1,946,318**
Registered Jan. 9, 1996

## TRADEMARK
### PRINCIPAL REGISTER



CALVIN KLEIN TRADEMARK TRUST (DELA-
WARE BUSINESS TRUST)
C/O WILMINGTON TRUST CO.
RODNEY    SQUARE    NORTH1100    NORTH
MARKET STREET
WILMINGTON, DE 19890

FOR: EAU DE TOILETTE, SKIN MOISTUR-
IZER, BODY MASSAGE LOTION, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST    USE    9–6–1994;    IN    COMMERCE
9–6–1994.
OWNER OF U.S. REG. NO. 1,810,850.
THE STIPPLING SHOWN IN THE DRAWING
IS TO INDICATE SHADING ONLY, AND IS
NOT INTENDED TO INDICATE COLOR.

SER. NO. 74–517,444, FILED 4–26–1994.

JOAN LESLIE BISHOP, EXAMINING ATTOR-
NEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,969,912

Registered Apr. 23, 1996

## TRADEMARK
### PRINCIPAL REGISTER



CALVIN KLEIN TRADEMARK TRUST (DELA-WARE BUSINESS TRUST)
WILMINGTON TRUST CO.
RODNEY SQUARE NORTH, 1100 NORTH MARKET STREET
WILMINGTON, DE 19890

FOR: EAU DE TOILETTE, FOR MEN AND WOMEN, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 9–6–1994; IN COMMERCE 9–6–1994.

OWNER OF U.S. REG. NO. 1,226,396.

THE STIPPLING SHOWN ON THE OVER-ALL BOTTLE IN THE DRAWING IS TO INDI-CATE FROSTING. THE STIPPLING SHOWN IN THE "CK ONE" (LOGO) WHICH APPEARS ON THE BOTTLE IS TO INDICATE SHADING ONLY AND IS NOT INTENDED TO INDICATE COLOR. THE BOTTLE CAP IS LINED TO DENOTE THE COLOR SILVER.

"CALVIN KLEIN" IDENTIFIES A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

THE MARK CONSISTS OF A CONFIGURA-TION OF AN EAU DE TOILETTE BOTTLE.

SER. NO. 74–672,390, FILED 5–11–1995.

CHERYL LYNN BLACK, EXAMINING ATTOR-NEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**Reg. No. 2,133,753**

## United States Patent and Trademark Office

**Registered Feb. 3, 1998**

### TRADEMARK
#### PRINCIPAL REGISTER

## CK ONE

WILMINGTON TRUST COMPANY, A DELA-
WARE BANKING CORPORATION, AS
TRUSTEE OF THE CALVIN KLEIN TRADE-
MARK TRUST (DELAWARE BUSINESS
TRUST)
C/O WILMINGTON TRUST CO.1100 NORTH
MARKET STREET
RODNEY SQUARE NORTH
WILMINGTON, DE 19890

FOR: EAU DE TOILETTE; SKIN MOISTUR-
IZER; BODY MASSAGE OIL; BODY WASH;
SOAP; DEODORANT; TALC; CONDITIONING
SHAMPOO; HAIR GEL, ALL FOR MEN AND
WOMEN, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 9–6–1994; IN COMMERCE
9–6–1994.

OWNER OF U.S. REG. NO. 1,946,318.

SER. NO. 75–076,724, FILED 3–21–1996.

NANCY L. HANKIN, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# ckfree

**Reg. No. 3,756,039**
Registered Mar. 2, 2010

**Int. Cl.: 3**

**TRADEMARK**
**PRINCIPAL REGISTER**

CALVIN KLEIN TRADEMARK TRUST (DELAWARE CORPORATION)
205 WEST 39TH STREET
NEW YORK, NY 10018

FOR: PERFUMERY, NAMELY, PERFUME, EAU DE TOILETTE, EAU DE PARFUM, PARFUM BEAUTY GEL, SCENTED BEAUTY SERUMS, SCENTED SACHETS, FRAGRANCE STICKS, POTPOURRI, TOILET WATER, AFTERSHAVE, COLOGNE, ESSENTIAL OILS, MASSAGE OILS, SKIN SCRUBS, NAMELY, BODY SCRUBS, FACIAL SCRUBS; DEODORANTS AND ANTIPERSPIRANTS; NON-MEDICATED BATH AND SHOWER PREPARATIONS, NAMELY, BATH AND SHOWER GEL, BATH OIL, BATH OIL CAPSULES, BODY WASH, BATH CRYSTALS AND BEADS AND BUBBLE BATH; NON-MEDICATED SKIN CARE PREPAR-ATIONS, NAMELY, FACE, BODY AND SKIN CREAMS, LOTIONS, GELS AND MOISTUR-IZERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 9-15-2009; IN COMMERCE 9-15-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-702,567, FILED 3-30-2009.

RENEE MCCRAY, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

Int. Cl.: 3

Prior U.S. Cl.: 51

## United States Patent and Trademark Office

Reg. No. 1,608,723
Registered Aug. 7, 1990

### TRADEMARK
#### PRINCIPAL REGISTER

# ETERNITY

CALVIN KLEIN COSMETICS CORPORATION (DELAWARE CORPORATION)
TRUMP TOWER
725 FIFTH AVENUE
NEW YORK, NY 10022 , ASSIGNEE OF CALVIN KLEIN COSMETICS CORPORATION (MINNESOTA CORPORATION) NEW YORK, NY 10022

FOR: PERFUME, COLOGNE, AND COLOGNE SPRAY, IN CLASS 3 (U.S. CL. 51).

FIRST USE 5–11–1988; IN COMMERCE 5–11–1988.

SER. NO. 73–743,622, FILED 8–1–1988.

D. E. SHALLANT, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,435,231
Registered Apr. 7, 1987

### TRADEMARK
### PRINCIPAL REGISTER

# OBSESSION

CALVIN KLEIN COSMETICS CORPORATION (MINNESOTA CORPORATION)
23RD FLOOR, TRUMP TOWER
725 FIFTH AVENUE
NEW YORK, NY 10022

FOR: FRAGRANCE, BATH AND COSMETIC PRODUCTS, NAMELY PERFUME, COLOGNE, COLOGNE SPRAY, BODY CREAM, BATH SOAP, BATH CRYSTALS, BODY LOTION, BODY OIL SPRAY, BODY POWDER, BODY GLISTENER, AND MEN'S COLOGNE, CO-LOGNE SPRAY, AFTER SHAVE LOTION AND AFTER SHAVE BALM, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 10-0-1984; IN COMMERCE 10-0-1984.

OWNER OF U.S. REG. NOS. 407,245 AND 1,347,076.

SER. NO. 611,358, FILED 7-25-1986.

C. A. SIDOTI, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,950,896
Registered Jan. 23, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## JOOP!

JOOP! GMBH (FED REP GERMANY COMPANY
WITH LIMITED LIABILITY COMPANY)
HARVESTEHUDER WEG 22
D–20149 HAMBURG, FED REP GERMANY

FOR: PERFUME; EAU DE TOILETTE;
SOAPS, NAMELY SKIN SOAPS; BATH AND
SHOWER ADDITIVES, NAMELY BATH OIL
AND SHOWER GEL; DEODORANTS FOR PER-
SONAL USE; CREAMS, NAMELY BODY
CREAM; LOTIONS, NAMELY BODY LOTIONS;
ARTICLES FOR HAIR CARE, NAMELY HAIR
SHAMPOO; SHAVING CREAM; AFTERSHAVE,
NAMELY AFTERSHAVE LOTION AND AF-
TERSHAVE COLOGNE, IN CLASS 3 (U.S. CLS.
1, 4, 6, 50, 51 AND 52).

FIRST USE 3–0–1988; IN COMMERCE
10–0–1991.

OWNER OF U.S. REG. NOS. 1,603,309,
1,812,209, AND 1,880,313.

SER. NO. 74–615,730, FILED 12–27–1994.

ALBERT ZERVAS, EXAMINING ATTORNEY

# EXHIBIT D











# EXHIBIT E



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

COTY INC., ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,
and CALVIN KLEIN COSMETICS CORPORATION

Plaintiffs,

v.

C LENU, INC., CARIDAD RODRIGUEZ, and VICTOR
L. RODRIGUEZ

Defendants.

Case No. **10-21812**

**CIV-HUCK**

MAGISTRATE JUDGE
O'SULLIVAN

## ORDER RE: SEALED FILING

*Party Filing Matter Under Seal*

Name:  Leslie J. Lott, Esq., Lott & Friedland, P.A.
Address:  355 Alhambra Circle, #1100, Coral Gables, Florida 33134
Telephone:  (305) 448-7089

On behalf of (select one):  ☒ Plaintiffs   ☐ Defendants

Date sealed document filed: _____

If sealed pursuant to statute, cite statute: _____
If sealed pursuant to previously entered protective order, date of order and docket entry: _____

The matter will remain sealed until:

☐ Conclusion of Trial          ☐ Arrest of First Defendant
☐ Case Closing                 ☐ Conclusion of Direct Appeal
☒ Other:  _Until further application to the Court by Plaintiffs_
☐ Permanently.  Specify the authorizing law, rule, court order:

The moving party requests that when the sealing period expires, the filed matter should be (select one):

☐ Unsealed and placed in          ☐ Destroyed          ☒ Returned to
   the public portion of the                                     counsel for the party,
   court file                                                            as identified above.

It is **ORDERED** and **ADJUDGED** that the proposed sealed document is hereby:

☐ Sealed            ☐ NOT Sealed      ☐ Other _____

The matter may be unsealed after:
☐ Conclusion of Trial          ☐ Arrest of First Defendant      ☐ Remain Sealed
☐ Case Closing                 ☐ Conclusion of Direct Appeal

☐ Other: _____

DONE and ORDERED at _____, **Florida this**_____

**day of** _____, **2010**


_____
United States District Judge

_____

This document has been disposed of in the following manner _____ by _____ on

_____.

(Rev. 06/2005)Sealed Document Tracking Form

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____  **10-21812**

COTY INC., ZINO DAVIDOFF SA, CALVIN KLEIN TRADEMARK

Plaintiff   ***CIV - HUCK***

v.

*MAGISTRATE JUDGE O'SULLIVAN*

C LENU, INC., CARIDAD RODRIGUEZ, and VICTOR L. RODRIGUEZ

Defendant

### SEALED DOCUMENT TRACKING FORM

*Party Filing Matter Under Seal*   Name: Leslie J. Lott, Esq.

Address: 355 Alhambra Circle, Suite 1100, Coral Gables, Florida 33134

Telephone: (305) 448-7089

On behalf of (select one):   ☒ Plaintiff   ☐ Defendant

Date sealed document filed: _____

If sealed pursuant to statute, cite statute: _____

If sealed pursuant to previously entered protective order, date of order and docket entry number: _____

The matter should remain sealed until:

☐ Conclusion of Trial                    ☐ Arrest of First Defendant
☐ Case Closing                          ☐ Conclusion of Direct Appeal
☒ Other: Until further application to the Court by Plaintiffs
☐ Permanently. Specify the authorizing law, rule, court order:

_____

The moving party requests that when the sealing period expires, the filed matter should be (select one):

☒ Unsealed and placed in the public portion of the court file            ☐ Destroyed
☐ Returned to the party or counsel for the party, as identified above

_____

**Attorney for:**

JS 44 (Rev. 2/08)   **Sealed**   CIVIL COVER SHEET   10-21812

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below

**CIV-HUCK**

**I. (a) PLAINTIFFS**
COTY INC., ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,

**DEFENDANTS**
C LENU, INC., CARIDAD RODRIGUEZ  **MAGISTRATE JUDGE O'SULLIVAN**
RODRIGUEZ

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**FILED by _____ D.C.**
**JUN 0 3 2010**
**STEVEN M. LARIMORE**
**CLERK U.S. DIST. CT.**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Leslie J. Lott, Esq.
Lott & Friedland, P.A.
355 Alhambra Circle
Suite 1100

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☒ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade |10-21812- CJ0~ Huck | O'Sulliv~

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | ☐ 950 Constitutionality of State |
| | Other | | Detainee | | Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
JUDGE _____
DOCKET NUMBER _____

a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): Trademark infringement, dilution and related claims - 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c),

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  June 3, 2010

FOR OFFICE USE ONLY   FLSI00001556
AMOUNT  350.00   RECEIPT # _____   IFP _____