UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  10-21812-CIV-HUCK/O'SULLIVAN

COTY INC., ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,
and CALVIN KLEIN COSMETIC CORP.,

      Plaintiffs,

v.

C LENU, INC., CARIDAD RODRIGUEZ,
and VICTOR L. RODRIGUEZ,

      Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 115, 10/1/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that for the reasons stated herein, the Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 115, 10/1/10) is **GRANTED** and the Cross-Motion for Protective Order and for an Award of Expenses (DE# 123, 10/15/10) filed by Miami Perfume Junction (hereinafter "MPJ") is **DENIED**. On or before **Thursday, December 30, 2010**, MPJ shall disclose its suppliers and customers to the plaintiffs. This disclosure is subject to the Stipulated Protective Order (DE# 63, 7/28/10).

## BACKGROUND

Plaintiff Coty Inc. is a manufacturer and distributor of certain fragrance products. See Verified Complaint for Trademark Infringement, Dilution and Related Claims (DE#

2 at ¶1, 6/10/10).[1] MPJ is a wholesale distributor of fragrance products including the plaintiffs' fragrance products. See Non-Party Miami Perfume Junction, Inc.'s Response to Plaintiffs' Motion to Compel Discovery and Cross-Motion for Protective Order and for an Award of Expenses (DE# 123 at 2, 10/15/10). The plaintiffs allege that the defendants unlawfully tampered with and removed product codes from the plaintiffs' fragrance products. See Verified Complaint for Trademark Infringement, Dilution and Related Claims (DE# 2 at ¶2, 6/10/10).

MPJ obtains the plaintiffs' fragrance products from unknown suppliers and sends some of these fragrance products to the defendants for decoding. See Transcript September 23, 2010 Informal Discovery Hearing (DE# 112 at 7, 9/29/10). These decoded fragrance products are then sold by MPJ to its customers. Id. Counsel for MPJ has proffered that MPJ is no longer decoding Coty fragrance products as a result of receiving the subject subpoena in the instant case. See Transcript of September 23, 2010 Informal Discovery Hearing (DE# 112 at 16, 9/29/10). The plaintiffs seek to compel MPJ's disclosure of the following information: (1) the persons or entities who supplied the products bearing the plaintiffs' marks that were decoded by the defendants ("suppliers") and (2) the purchasers of the decoded fragrance products ("customers"). See Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 115 at 2).

On September 23, 2010, the Court held an informal discovery hearing and heard oral argument on the plaintiffs' request to obtain the identity of MPJ's suppliers

---

[1] Coty is the exclusive U.S. fragrance licensee and distributor of plaintiff Zino Davidoff SA and the indirect owner of plaintiff Calvin Klein Cosmetic Corporation. See Verified Complaint for Trademark Infringement, Dilution and Related Claims (DE# 2 at ¶1, 6/10/10). Plaintiff Calvin Klein Cosmetic Corporation is the exclusive fragrance licensee of trademarks owned by plaintiff Calvin Klein Trademark Trust. Id.

and customers. <u>See</u> Transcript of September 23, 2010 Informal Discovery Hearing (DE# 112, 9/29/10). Following the hearing, the Court ordered the plaintiffs to file the instant motion. <u>See</u> Order (DE# 109, 9/23/10).

On October 1, 2010, the plaintiffs filed the instant motion seeking to compel the disclosure of MPJ's suppliers and customers. <u>See</u> Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 115, 10/1/10) (hereinafter "Motion to Compel"). MPJ filed its response on October 15, 2010. <u>See</u> Non-Party Miami Perfume Junction, Inc.'s Response to Plaintiffs' Motion to Compel Discovery and Cross-Motion for Protective Order and for an Award of Expenses (DE# 123, 10/15/10) (hereinafter "Response"). The plaintiffs filed their reply on October 22, 2010. <u>See</u> Plaintiffs' Reply in Support of Their Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 127, 10/22/10) (hereinafter "Reply").

The Court permitted non-party Duty Free World (hereinafter "DFW") to file an amicus brief. <u>See</u> Amicus Curiae Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 124-1, 10/15/10) (hereinafter "Amicus Brief"). The plaintiff responded to the amicus brief on November 16, 2010. <u>See</u> Plaintiffs' Response to Duty Free World's Amicus Curiae Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 135, 11/16/10). Non-party DFW filed a reply in support of its amicus brief on November 23, 2010. <u>See</u> Duty Free World's Reply to Plaintiffs' Response to Amicus Curiae Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 137, 11/23/10).

On December 2, 2010, MPJ filed a supplemental memorandum. <u>See</u> Non-Party Miami Perfume Junction, Inc.'s Supplement in Support of Response to Plaintiffs' Motion

to Compel Discovery and Cross-Motion for Protective Order and for an Award of

Expenses (DE# 141, 12/2/10). The plaintiffs filed a response to the supplement on

December 6, 2010. See Plaintiffs' Response to Non-Party Miami Perfume Junction,

Inc.'s Supplement in Support of Response to Plaintiffs' Motion to Compel Discovery and

Cross-Motion for Protective Order and for an Award of Expenses (DE# 143, 12/6/10).

This matter is now ripe for consideration.

## **STANDARD OF REVIEW**

The scope of discovery under the Federal Rules of Civil Procedure is broad.

Rule 26(b)(1) states in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense--including the existence,
> description, nature, custody, condition, and location of any documents or
> other tangible things and the identity and location of persons who know of
> any discoverable matter. For good cause, the court may order discovery
> of any matter relevant to the subject matter involved in the action.
> Relevant information need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the discovery of admissible
> evidence.

FED. R. CIV. P. 26(b)(1). Rule 26 further provides that a person or party from whom

discovery is sought may petition the Court for a protective order and that the Court may

issue a protective order "requiring that a trade secret or other confidential research,

development, or commercial information not be revealed or be revealed only in a

specified way." FED. R. CIV. P. 26(c)(1)(G). Rule 45 also permits a Court to issue an

Order modifying or quashing a subpoena if the subpoena requires "disclosing a trade

secret or other confidential research, development, or commercial information." FED. R.

CIV. P. 45 (c)(3)(B)(I).

Here, the plaintiffs seek to compel the disclosure of MPJ's customers and

4

suppliers pursuant to a subpoena duces tecum[2] and a 30(b)(6) deposition.[3] <u>See</u> Motion to Compel (DE# 115 at 2, 10/1/10). MPJ in turn seeks a protective order and an award of expenses from this Court. <u>See</u> Response (DE# 123, 10/15/10).

A non-party seeking a protective order has the initial burden of showing that the information sought is confidential and that the disclosure of that information might be harmful. Once the non-party has established both prongs, the party seeking to compel the disclosure must show that the discovery sought is both relevant to the pending action and necessary. <u>See</u> <u>American Standard, Inc. v. Humphrey</u>, No. 3:06-cv-893-J-32MCR, 2007 WL 1186654, at *2-3 (M.D. Fla. Apr. 19, 2007) (noting that "the party resisting discovery . . . has the burden to show that the information sought by [the p]laintiff is confidential and that disclosure would be harmful" and that "[o]nly after such a showing is made does the burden shift to the party seeking the discovery to show the information sought is relevant and necessary.") (citations omitted). "[T]he [C]ourt must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information." <u>Cytodyne Techs., Inc. v. Biogenic Techs., Inc.</u>, 216 F.R.D. 533, 535 (M.D. Fla. 2003). Non-party status is a factor that weighs against disclosure. <u>Echostar Commc'ns Corp. v. The News Corp. Ltd.</u>, 180 F.R.D. 391, 394 (D. Colo. 1998).

---

[2]  MPJ produced documents in response to the subpoena but redacted the identity of its suppliers and customers. <u>See</u> Response (DE# 123 at 2-3, 10/15/10).

[3] The 30(b)(6) deposition took place on August 23, 2010. <u>See</u> Motion to Compel (DE# 115 at 2, 10/1/10). The deponent, upon counsel's instructions, did not to respond to questions that would have revealed the identity of MPJ's customers and suppliers. <u>See</u> Response (DE# 123 at 3, 10/15/10).

December 16, 2010

<u>ANALYSIS</u>

**A.      Confidentiality and Harmfulness of the Disclosure**

**i.      Confidentiality**

As the non-party resisting discovery, MPJ must establish that the information

sought by the plaintiffs is confidential and that its disclosure might be harmful to MPJ.

See <u>American Standard, Inc. v. Humphrey</u>, No. 3:06-cv-893-J-32MCR, 2007 WL

1186654, at *2-3 (M.D. Fla. Apr. 19, 2007). The confidential nature of MPJ's suppliers

and customers is not seriously disputed[4] and courts have held that trade secrets include

active customer and supplier lists. <u>Cytodyne Techs., Inc. v. Biogenic Techs., Inc.</u>, 216

F.R.D. 533, 535 (M.D. Fla. 2003) (citing <u>Sethscot Collection v. Drbul</u>, 669 So. 2d 1076

(Fla. 3d DCA 1996)) (active customer lists were trade secrets). MPJ could have made a

stronger showing that the identity of its suppliers and customers is confidential. For

example, MPJ could have submitted an affidavit outlining affirmative steps MPJ has

taken to keep its customers and suppliers confidential or identified any non-disclosure

agreements it has with its suppliers and customers. See <u>Fadalla v. Life Auto. Prods.,</u>

<u>Inc.</u>, 258 F.R.D. 501, 506 (M.D. Fla. 2007) (finding that the identity of suppliers and

customers which were protected by non-disclosure and secrecy agreements were trade

secrets), reconsidered in part, No. 3:07-mc-42-J-32MCR, 2008 WL 68594 (M.D. Fla.

Jan. 4, 2008); <u>American Standard, Inc. v. Humphrey</u>, No. 3:06-cv-893-J-32MCR, 2007

WL 1186654, at *3 (M.D. Fla. Apr. 19, 2007) (non-party failed to carry its burden of

showing confidentiality of information regarding its manufacturers where non-party

---

[4] In their motion to compel and in their reply, the plaintiffs assume arguendo that
MPJ's suppliers and customers are trade secrets and do not raise any substantive
argument against a finding that this information is confidential. See Motion to Compel
(DE# 115 at 6, 10/1/10); Reply (DE# 127 at 5, 10/22/10). Nonetheless, the burden is
squarely on MPJ to establish the confidentiality of the discovery it seeks to protect.

"simply state[d] that it ha[d] confidentiality agreements with manufacturers . . . . [but] d[id] not provide any further details regarding the confidentiality agreements."); Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 260 (M.D.N.C. 2001) (stating that "a party still must show reasonable efforts and expectations under the circumstances as to maintaining the secrecy of the information" but finding that entity resisting discovery had made minimal showing of confidentiality). Nonetheless, the plaintiffs do not seriously contest this prong and the Court finds that MPJ has met its burden of showing that the information sought by the plaintiffs is confidential. The Court further finds that MPJ's showing of confidentiality is minimal.

### ii.    Harm

MPJ must also show harm. MPJ argues that the "[d]isclosure of the identity of [its] customers and suppliers will cause substantial harm to MPJ" and could undermine its business. See Response (DE# 123 at 3). Specifically, MPJ argues that if this information is disclosed to the plaintiffs, the plaintiffs would issue subpoenas to all of MPJ's suppliers and customers. Id. at 16-17. "In turn, there is a very real threat that suppliers would refuse to continue to do business with MPJ, which would drive MPJ out of its legitimate business." Id. at 17. Here, the plaintiff and MPJ are not competitors.[5] Thus, the disclosure of MPJ's suppliers and customers to the plaintiffs would be less harmful than the disclosure of this information to a competitor. See Cytodyne Techs., Inc. v. Biogenic Techs., Inc., 216 F.R.D. 533, 536 (M.D. Fla. 2003) (noting that "courts have presumed that disclosure to a competitor is more harmful than disclosure to a

---

[5] In its amicus brief, DFW argues that the plaintiffs and MPJ are competitors based on statements made by MPJ's counsel at oral argument that both MPJ and the plaintiffs sell fragrance products into the grey market – an unofficial market where goods are sold at lower prices. See Amicus Brief (DE# 124-1 at 5, 10/15/10). The undersigned is unpersuaded by this argument because it lacks evidentiary support.

noncompetitor.") (citations omitted). MPJ does not submit any affidavits indicating that suppliers have threatened to withhold business from MPJ if their identity were disclosed. There is also no evidence that MPJ and its suppliers or customers have non-disclosure or secrecy agreements prohibiting MPJ for disclosing their identity. See Fadalla v. Life Auto. Prods., Inc., 258 F.R.D. 501, 506 (M.D. Fla. 2007) (court was persuaded by non-party's reasoning that disclosure would be harmful because it would require non-party to breach its non-disclosure and secrecy agreements), reconsidered in part, No. 3:07-mc-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008). The only evidentiary support submitted by MPJ for this alleged harm is the deposition testimony of its president suggesting that suppliers decode fragrance products because they do not want the products to be traced back to them. Id. MPJ's unsupported assumptions regarding the future conduct of its suppliers and customers are speculative and insufficient to meet its burden of establishing possible harm. See Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 259 (M.D.N.C. 2001) (stating that the party resisting discovery is "required to 'make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one.'") (quoting Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991)). Accordingly, the Court finds that MPJ has failed to meet its burden of showing harm. Nonetheless, the Court will address the remaining factors of necessity and relevance.

   **B.   Relevance and Necessity of the Information Sought**

       In order to obtain the discovery sought, the plaintiffs must show that it is both relevant and necessary to the instant case. Relevancy is broadly construed to

8

"encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also FED. R. CIV. P. 26 (stating that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In addition to showing relevance, the plaintiffs must show a substantial need for the discovery that cannot otherwise be met without undue hardship. Fadalla v. Life Auto. Prods., Inc., 258 F.R.D. 501, 507 (M.D. Fla. 2007), reconsidered in part, No. 3:07-mc-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008).

**ii.    Relevancy and Necessity of MPJ's Suppliers**

The plaintiffs argue that the identity of MPJ's suppliers is relevant to the plaintiffs' trademark infringement, unfair competition and dilution claims and to rebutting the defendants' first sale defense. Motion to Compel (DE# 115 at 2, 4-6, 10/1/10). The plaintiffs have met their burden of showing that MPJ's suppliers are relevant to their claims against the defendants and to rebutting the first sale doctrine. The Court is persuaded by the plaintiffs' argument that the disclosure of MPJ's suppliers would allow the plaintiffs to trace the source of the decoded products and thus could lead to evidence that the decoded products would likely deceive, cause confusion or result in mistake. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir.1998) (stating that a plaintiff seeking to prevail on a trademark infringement claim must show: (1) that the defendant used a mark in commerce without the plaintiff's consent and (2) "that the unauthorized use was likely to deceive, cause confusion, or result in mistake."). MPJ's suppliers would also be relevant to rebutting the first sale defense because it could lead to evidence that the decoded fragrance products are materially

9

different from genuine Coty fragrance products. See Swatch S.A. v. New City, Inc., 454

F. Supp.2d 1245, 1249 (S.D. Fla. 2006) (J. Huck) (stating that "[t]he first sale doctrine . .

. does not protect alleged infringers that sell trademarked goods that are 'materially

different' than those sold by the trademark owner.") (citing Iberia Foods Corp. v.

Romeo, 150 F.3d 298, 302 (3d Cir. 1998)). Accordingly, the Court finds that the

plaintiffs have met their burden of showing relevancy. "[D]iscovery should ordinarily be

allowed under the concept of relevancy unless it is clear that the information sought has

no possible bearing on the claims and defenses of the parties or otherwise on the

subject matter of the action." Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., No. 05-60860-

CIV, 2007 WL 1526649, at *1 (S.D. Fla. May 22, 2007). MPJ's suppliers are relevant to

the plaintiffs' claims and to rebutting the first sale doctrine.

The plaintiffs have also carried their burden of showing a substantial need for

MPJ's suppliers in rebutting the first sale doctrine asserted by the defendants.[6] Under

the first sale doctrine, "the mere resale of genuine merchandise that has been lawfully

acquired may not be challenged by the owner of the trademark appearing on the

genuine merchandise." Bulova Corp. v. Bulova Do Brasil Com. Rep. Imp. & Exp. Ltda.,

144 F. Supp. 2d 1329, 1332 (S.D. Fla. 2001) (citation omitted). In order to rebut the first

sale doctrine, the plaintiffs will need to show that the fragrance products decoded by the

defendants are materially different from genuine Coty fragrance products. Swatch, 454

F. Supp.2d at 1249. The disclosure of MPJ's suppliers would allow the plaintiffs to

determine the authenticity of the decoded fragrance products and thus would allow

_____

[6] Because the plaintiffs have shown that the disclosure of MPJ's suppliers is
necessary to rebutting the defendants' first sale defense, the Court will not address the
necessity of disclosing MPJ's suppliers in establishing the plaintiffs' claims.

them to rebut the defendants' first sale defense.[7] The plaintiffs would not be able to test the authenticity of the decoded fragrance products without undue hardship. See Motion to Compel (DE# 115 at 6, 10/1/10) (stating that the plaintiffs "cannot determine whether the [d]ecoded [p]roducts . . . were originally manufactured by [the p]laintiffs, and therefore cannot rebut [the first sale] defense, without knowing where these products originated."). Thus, the plaintiffs have shown a substantial need for the disclosure of MPJ's suppliers.

ii.     **Relevancy and Necessity of MPJ's Customers**

With respect to MPJ's customers, the plaintiffs argue that this information is relevant to establishing the likelihood of confusion. See Motion to Compel (DE# 115 at 3, 10/1/10). "Likelihood of confusion generally involves weighing a number of factors, including the parties' respective channels of trade and how the products are presented to consumers in the marketplace." Id. at 3 (citing Congra, Inc. v. Singleton, 743 F.2d 1508, 1514 (11th Cir. 1984)). The Court is persuaded by the plaintiffs' argument that

---

[7] Comparing the decoded fragrance bottles themselves to genuine Coty fragrance products may not be sufficient to establish a material difference in the instant case. A close reading of Davidoff shows that the fragrance bottles in that case had been physically damaged in the decoding process. Davidoff & Cie SA v. PLD International Corp., 263 F.3d 1297,1303 (11th Cir. 2001) (noting that "the etching on the fragrance bottle [wa]s more than almost imperceptible scratches" and agreeing with the district court that "the physical difference created by the obliteration of the batch code on [the defendant]'s product constitute[d] a material difference."). Here, MPJ's counsel suggested at the informal discovery hearing that the plaintiffs would not be able to argue that the bottles decoded by the defendants were damaged. See Transcript September 23, 2010 Informal Discovery Hearing (DE# 112 at 14-15, 9/29/10) (stating that the decoding process employed by the defendants "[had not] damaged the bottles in any way"). Thus, the decoded bottles themselves may not be sufficient for the plaintiffs to show that the decoded products are materially different. On the other hand the district court may determine that the removal of the batch codes themselves constitutes a material difference because it deprives the plaintiffs of the ability to recall defective fragrance products. The district court has not determined this issue. Thus, the plaintiffs have shown a substantial need for the disclosure of MPJ's suppliers.

the disclosure of MPJ's customers is relevant to their claims in the instant action. The disclosure of MPJ's customers would allow the plaintiffs to discover how the decoded fragrance products are presented to consumers in the marketplace. Additionally, as the plaintiffs points out, "MPJ's customers could have evidence, such as consumer complaints, that demonstrates actual confusion, which is another one of the standard likelihood of confusion factors." Id. at 4.

The plaintiffs have also established a substantial need for the disclosure of MPJ's customers. To prevail on a trademark infringement claim, a plaintiff must show: (1) that the defendant used a mark in commerce without the plaintiffs' consent and (2) "that the unauthorized use was likely to deceive, cause confusion, or result in mistake." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir.1998). The Eleventh Circuit has considered seven factors in determining the likelihood of confusion. These factors are as follows: "(1) type of mark; (2) similarity of mark; (3) similarity of the products the marks represent; (4) similarity of the parties' retail outlets and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion." Aronowitz v. Health-Chem Corp., 513 F.3d 1229, 1239 (11th Cir. 2008) (citation omitted). Of these factors, the type of mark and the evidence of actual confusion are the most important. Id. The Court finds that the disclosure of MPJ's customers is necessary to the plaintiffs establishing a likelihood of confusion. Additionally, since the defendants decoded the plaintiffs' fragrance products, the plaintiffs would be unable to follow these decoded fragrance products down the stream of commerce and into retail outlets without undue hardship. Thus, the plaintiffs have shown a substantial need for the disclosure of MPJ's customers in establishing their claims in the instant case.

C.    **Balancing Test**

As noted above, courts engage in a balancing test in determine whether discovery from a non-party should be had. See Fadalla v. Life Auto. Prods., Inc., 258 F.R.D. 501, 504 (M.D. Fla. 2007) (stating that "[i]n determining whether the subpoenas are due to be quashed, this Court must balance [the] need for discovery against the burden imposed upon [the party resisting discovery], along with their interest in keeping the requested information confidential."), reconsidered in part, No. 3:07-mc-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008); Cytodyne Techs., Inc. v. Biogenic Techs., Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003) (noting that "the [C]ourt must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information."). Although MPJ's status as a non-party weighs against the disclosure of its suppliers and customers, other factors must also be considered. See supra.

In balancing the plaintiffs' need for the identity of MPJ's customers against MPJ's interest in keeping this information confidential, the Court finds that the plaintiffs' need for this information far outweighs any potential harm to MPJ, particularly since MPJ has not met its burden of showing that the disclosure of this information to the plaintiffs might be harmful and MPJ's showing of confidentiality is weak. Additionally, MPJ does not assert that producing this information would be burdensome.

With respect to MPJ's suppliers, the Court also finds in favor of disclosure. The plaintiffs have shown relevancy and a substantial need. More importantly, MPJ was unable to carry its initial burden of showing that the disclosure of its suppliers would be harmful and its showing of confidentiality was minimal. The Court should not consider

13

relevancy and necessity if the entity resisting discovery has failed to carry out its initial burden of showing both confidentiality and harm. See American Standard, Inc. v. Humphrey, No. 3:06-cv-893-J-32MCR, 2007 WL 1186654, at *3 (M.D. Fla. Apr. 19, 2007) (stating that only after the party resisting discovery shows that the information is confidential and that the disclosure would be harmful "does the burden shift to the party seeking the discovery to show the information sought is relevant and necessary"). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and, therefore, embody a fair and just result." I.S.E.L., Inc. v. American Synthol, Inc., No. 3:08-cv-870-J-25TEM, 2009 WL 3367237, at *2 (M.D. Fla. Oct. 15, 2009) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). Accordingly, the Court concludes that the plaintiffs are entitled to the disclosure of MPJ's suppliers and customers subject to the protections of the Stipulated Protective Order (DE# 63, 7/28/10).

**D.     MPJ's Request for Fees**

MPJ's request for fees is **DENIED**. The plaintiffs' position in seeking to compel the disclosure of MPJ's customers and suppliers was not unreasonable. Accordingly, no fees are warranted in this case. See Duval v. Law Office of Andreu, Palma & Andreu, PL, No. 09-22636-CIV, 2010 WL 1998358, at * 2 (S.D. Fla. May 19, 2010) (awarding fees and costs where discovery motion was without merit); Armor Screen Corp. v. Storm Catcher, Inc., No. 07-81091-CIV, 2009 WL 1871685, at *5 (S.D. Fla. Jun. 29, 2009) (awarding fees to party opposing motion to compel where movant failed to show substantial justification for the filing of the motion).

14

## CONCLUSION

MPJ has made a minimal showing that the identity of its suppliers and customers are trade secrets. However, "'there is no absolute privilege that immunizes trade secrets and similar confidential information [from] discovery.'" Preferred Care Partners Holding Corp. v. Humana, Inc., No. 08-20424-CIV, 2008 WL 4500258, at *3 (S.D. Fla. Oct. 3, 2008) (citing Empire of Carolina, Inc. v. Mackle, 108 F.R.D. 323, 326 (S.D. Fla. 1985)). Here, MPJ has failed to establish that the disclosure of its suppliers and customers might be harmful. The plaintiffs have shown the relevance and necessity for the disclosure of MPJ's customers and suppliers. Balancing the need for this discovery against MPJ's failure to establish harm and weak showing of confidentiality, the Court concludes that the plaintiffs are entitled to the disclosure of MPJ's customers and suppliers, subject to the protections of the Stipulated Protective Order (DE# 63, 7/28/10).

Based on the foregoing, the Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 115, 10/1/10) is **GRANTED** and the Cross-Motion for Protective Order and for an Award of Expenses (DE# 123, 10/15/10) is **DENIED**. On or before **Thursday, December 30, 2010**, MPJ shall disclose its suppliers and customers to the plaintiffs. This disclosure is subject to the Stipulated Protective Order (DE# 63, 7/28/10).

DONE AND ORDERED in Chambers at Miami, Florida, this **22nd** day of December, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All Counsel of Record

Copies mailed by Chambers to:
Joseph A. DeMaria, Esq.
1441 Brickell Avenue, 15th Floor
Miami, FL 33131

15