UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21812-cv-HUCK/O'SULLIVAN

FILED by _MC_ D.C.

JAN 04 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

COTY INC., ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,
And CALVIN KLEIN COSMETICS
CORPORATION,

      Plaintiffs,

v.

C LENU, INC., CARIDAD RODRIGUEZ,
And VICTOR L. RODRIGUEZ,

      Defendants.
_____/

**NON-PARTY MIAMI PERFUME JUNCTION, INC.'S ("MPJ") EMERGENCY MOTION FOR STAY OF MAGISTRATE JUDGE O'SULLIVAN'S DECEMBER 22, 2010 DISCOVERY ORDER PENDING ADJUDICATION OF MPJ'S MOTION FOR RECONSIDERATION OF SUCH ORDER OR MPJ'S ALTERNATIVE OBJECTION TO SUCH ORDER**

Non-Party Miami Perfume Junction, Inc. ("MPJ"), through its counsel, files this Emergency Motion for Stay of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order Pending Adjudication of MPJ's Motion for Reconsideration of Such Order or its Alternative Objection to Such Order, and states as follows:

**I.   INTRODUCTION**

This Emergency Motion seeks a Stay of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order based on a critical intervening event: <u>in a Reply Memorandum being filed with the court today, Defendants have or will expressly admit liability, waive all affirmative defenses related to liability, and reaffirm their earlier stipulation to a trial limited to the "issue of damages."</u> Such material and case-altering concessions (the

"Trial Concessions") by the Defendant C Lenu completely moot, as a matter of law, the sole basis for the Magistrate Judge's entry of the December 22, 2010 Order (the "Disclosure Order"). Specifically, the Disclosure Order required MPJ to disclose the identities of its suppliers and customers based on the finding that such disclosure was "relevant and necessary" to Plaintiff rebutting Defendants' "first sale" defense and otherwise proving a likelihood of confusion. As more fully established in MPJ's accompanying Motion for Reconsideration, the Trial Concessions made today by Defendant C Lenu utterly negate any evidentiary need for such disclosures because the "first sale" defense and likelihood of confusion will no longer remain issues for trial. Obviously, if MPJ disclosed the identities of its suppliers or customers prior to a ruling on its Motion for Reconsideration, such disclosures would irretrievably negate a favorable ruling on MPJ's Motion.

As further grounds for the Reconsideration of the Disclosure Order, MPJ has filed today the supporting Declaration of its President wherein MPJ responds to several evidentiary issues raised by the Magistrate Judge in the Disclosure Order. Specifically, the Declaration demonstrates (a) the highly proprietary nature of MPJ's suppliers and customer identities, (b) the steps taken by MPJ to maintain such confidentiality, and (c) the severe harm to MPJ caused by disclosing their identities.

Finally, in the event the Magistrate Judge denies MPJ's Motion for Reconsideration, then either the Magistrate Judge or the District Court Judge should grant the Emergency Motion for Stay to afford Judge Huck an opportunity to adjudicate MPJ's alternative Objection to the Disclosure Order prior to MPJ disclosing the identity of its

suppliers or customers because, again, such disclosures would negate a favorable ruling on MPJ's Objection.

## II. PROCEDURAL HISTORY

On December 22, 2010 the Magistrate Judge issued the Disclosure Order requiring MPJ to disclose by December 30, 2010 the identity of MPJ's suppliers and customers relating to Plaintiffs' products decoded by Defendant C Lenu. On December 28th, due to various holiday-related scheduling conflicts, MPJ filed an Agreed Motion for Extension of Time seeking until January 4, 2011 for MPJ to determine its response to the Disclosure Order which the Magistrate Judge granted on December 22, 2010. As of January 4, 2011, Defendant C Lenu has or will file its Reply making the Trial Concessions.

## III. ARGUMENT

The federal rules and local rules governing referral of discovery matters to a magistrate judge are silent as to whether a motion for reconsideration tolls the effectiveness of a discovery order. See Fed R. Civ. P. 72(a); Local Magistrate Judge Rule 4(a). These rules are also silent as to whether an Objection to a magistrate judge's discovery order tolls the effectiveness of the order pending review by the district court judge. Id. Prudent practice, however, suggests that a motion for stay is appropriate in either case, and therefore MPJ has filed this Emergency Motion for Stay, due to the shortness of time, seeking a stay of the Disclosure Order pending adjudication of MPJ's accompanying Motion for Reconsideration and alternative Objection to the Disclosure Order.

    A.    A Stay of a Discovery Order under Review is Essential Where the <u>Disclosure Implicates Potential Confidential or Proprietary Information</u>

The need for the entry of a stay of the Disclosure Order pending its review by the Magistrate Judge O'Sullivan or District Judge Huck is largely self-evident: once disclosure is made, the genie is out of the bottle, the confidentiality of the disclosed information is destroyed and the harm attendant to such disclosure is irretrievable. Indeed, without a stay, the Objection procedure expressly set for in the federal and local rules – effectively providing for an appeal of a magistrate's ruling -- would be rendered meaningless to the affected party in such cases. See Rule 72(a), Fed. R. Civ. P.; Local Magistrate Judge Rule 4(a) (authorizing the filing of an Objection to a magistrate ruling within 14 days). Thus, a stay of the Disclosure Order is not only appropriate to safeguard MPJ's interest in its claimed proprietary information – it is essential.

Two federal district courts in Florida have granted a stay of a magistrate's discovery order under like circumstances. In R.B. v. Ford Motor Co., 4:05cv481-SPM/WCS (M.D. Fla. Sept. 22, 2006) the plaintiff filed a motion to compel on July 18, 2006 seeking the production of documents that defendant claimed where subject to a work-product privilege. The magistrate granted the motion finding that defendant waived the privilege by failing to initially produce a privilege log and waived it again when it subsequently produced a privilege log lacking the requisite specificity. On September 22, 2006 -- on the same day that the order required disclosure -- defendant filed an Objection to the magistrate's discovery order, and sought a stay of that order from the magistrate pending review by the district court: "Defendant seeks a stay of my order, doc. 30, until District Judge Mickle rules upon Defendant's objections. Doc. 37. That stay will be granted." Id. at page 3. (A copy of the order is attached to this Motion as Exhibit "A".)

Similarly, in U.S. v. Block 44, Lot 3, 6, 177 F.R.D. 692, 693 (M.D. Fla. 1997), a condemnation case, the plaintiff filed an Objection to a magistrate's order requiring the plaintiff to produce discovery related to the government's pre-suit valuation of the land at issue. The district court judge "stayed enforcement of the Magistrate Judge's Order pending resolution of the Plaintiff's Objections." The ruling in Block 44 applies with even stronger force here because Block 44, in contrast to this case, apparently did not involve discovery seeking disclosure of confidential or proprietary documents.

Taken together, Ford Motor and Block 44 both support the entry of the requested stay in this case. In Ford Motor, the magistrate entered the stayed its own discovery order pending adjudication of the Objection, while in Block 44, the district court stayed the magistrate discovery order pending such adjudication. Since MPJ's Motion for Reconsideration seeks reconsideration of the Disclosure Order in the first instance, MPJ initially seeks the entry of the stay from the Magistrate Judge O'Sullivan, and then from Judge Huck should the Magistrate Judge deny such relief.

B.   The Stay will cause no undue Prejudice to Plaintiffs

Given the Trial Concessions made by Defendant C Lenu, granting the Emergency Motion for Stay will create no undue prejudice to Plaintiffs. The Trial Concessions remove the relevancy of the requested disclosures based on Plaintiffs' own argument that such disclosures are needed to rebut Defendant C Lenu's "first sale" defense and otherwise prove a likelihood of confusion based on how the C Lenu's decoding affected the appearance of the decoded Coty product at retail. Indeed, the Trial Concessions benefit Plaintiffs by greatly narrowing the issues requiring adjudication at trial. Thus, no

prejudice will result to Plaintiffs by staying disclosure of the supplier and customer identities.

## IV. CONCLUSIONS

Based on the foregoing, MPJ respectfully requests that Magistrate Judge O'Sullivan stay the Disclosure Order pending adjudication of MPJ's accompanying Motion for Reconsideration. In the alternative, if the Magistrate Judge denies such motion, then MPJ respectfully requests that either the Magistrate Judge or District Court Judge Huck, grant the stay pending adjudication of MPJ's Objection to the Disclosure Order.

>PERETZ CHESAL & HERRMANN, PL
>Suite 1750 Miami Center
>201 South Biscayne Blvd.
>Miami, Florida 33131
>Telephone: (305) 341-3000
>Facsimile: (305) 371-6807
>
>Co-Counsel for
>Miami Perfume Junction, Inc.
>
>By: /s/ Steven Peretz
>    Steven Peretz
>    Florida Bar No. 329037

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for MPJ has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

By: /s/ Steven Peretz
Steven Peretz
Florida Bar #329037

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Steven I. Peretz
Steven I. Peretz

## SERVICE LIST

*Coty, Inc., et al. v. C Lenu, Inc., et al.*

### Case No. 10-21812-CV-HUCK/O'SULLIVAN

Leslie J. Lott, Esq.
Jaime Rich Vining, Esq.
Lott & Friedland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
**Counsel for Plaintiffs**

Lisa Pearson, Esq.
Robert Potter, Esq.
Andrew Pequignot, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
**Counsel for the Plaintiffs**

Barry Boren, Esq.
Law Offices of Barry Boren
9100 S. Dadeland Blvd., Suite 1809
Miami, Florida 33156-7817
**Counsel for the Defendants**

Ronald A. Shapo, Esq.
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
**Counsel for Non-Party Duty Free World, Inc.**

Joseph A. DeMaria, Esq.
Tew Cardenas LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
**Co-Counsel for Non-Party Miami Perfume Junction, Inc.**

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

R. B.,

    Plaintiff,

vs.                                     Case No. 4:05cv481-SPM/WCS

FORD MOTOR COMPANY,
      a foreign corporation,

    Defendant.

_____/

## ORDER

Defendant seeks reconsideration of my last order granting Plaintiff's motion to compel. Doc. 34. Defendant argues that it properly asserted its privileges in response to the last order in its privilege log, and that under the circumstances, a finding that the privilege has been waived is too harsh. Defendant asks the court to review the documents *in camera*. Defendant also seeks a stay of the order requiring that the documents in question be produced today. Docs. 35 and 37.

This controversy has a bit of history that should be recounted. First, Defendant should have complied with Rules 26 and 34 when it received the request for production. Had Defendant done so and shown the existence of privileges to Plaintiff, perhaps this motion to compel would not have been filed. The duty to confer before a motion to

compel is filed should be a meaningful event. Defendant did not assert these privileges in a way that would have had any meaning to Plaintiff. Instead, as explained in my first order, Defendant stone-walled with a floating privilege objection not affixed to a particular document. Doc. 23, pp. 2-3. In particular, Local Rule 26.2(C)(1) provides: "Objections and grounds for objections shall be addressed to the specific interrogatory, request for admission, or request for production, and may not be made generally." *Id*., p. 3. FED. R. CIV. P. 26(b)(5) provides that if a party claims privilege it shall "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the applicability of the privilege or protection*." (Emphasis added.) One does not have to reveal the substance of the privileged information to show a privilege. It is enough to identify the specific document, describe with sufficient specificity the communications in the specific document to show that is, *ipso facto*, a privileged communication or attorney work product (whether it gives legal advice, how it identifies documents), and identify the litigation or anticipated litigation as to which it pertains. Defendant did not, and the privilege was waived at that point.

Defendant again failed to assert the privilege with enough specificity to show that there was a privilege when Defendant filed its response to the motion to compel. Doc. 20. Again the privilege was waived.

However, as explained in the order, I thought that finding a waiver would be too harsh and a third chance was afforded. Doc. 23. Defendant was ordered to assert the privileges properly *in the privilege log*, not in some sort of response to Plaintiff's

objections to the privilege log. Doc. 23, p. 5, ¶ 1. Defendant failed to do so, and the motion to compel was granted. Doc. 30.

Defendant has had three opportunities to assert these privileges. Another opportunity is not warranted.[1]

> A party seeking to assert the privilege must make a clear showing that it applies. *Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made.* The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.

Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984). *Accord*, Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-12 (1st Cir. 1991).

The discovery rules are designed to foster discovery through the cooperative efforts of the parties. Dumping documents on the court for *in camera* review without first following the rules thwarts the clear and orderly procedures set forth by the rules, improperly delays discovery, and unnecessarily involves the court in matters that could have been resolved more efficiently by complying with the rules. Here it is September 22, 2006, and Plaintiff has been trying since July 18, 2006, doc. 18, to get closure on whether or not it can inspect these suspension orders.

Defendant seeks a stay of my order, doc. 30, until District Judge Mickle rules upon Defendant's objections. Doc. 37. That stay will be granted. Defendant also seeks

---

[1] In the motion for reconsideration, Defendant still has not properly asserted the privileges.

Case No. 4:05cv481-SPM/WCS

a stay until the Eleventh Circuit rules on a contemplated appeal. That aspect of the motion should be taken up with District Judge Mickle.

Paragraph 7 of the initial scheduling order, doc. 4, provides:

> The Court will ordinarily award counsel fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis.

FED. R. CIV. P. 37(a)(4)(A) provides that when a motion to compel is granted

> the court *shall*, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was *substantially justified*, or that other circumstances make an award of expenses *unjust*.

(Emphasis added.) "A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery. Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Proctor & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997), *citing* Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

I decided not to award expenses at the last stage of this dispute, but the motion for reconsideration does not appear to be substantially justified for the reasons set forth above. District Judge Mickle may disagree, and that will end the matter. If my prior order is affirmed, however, expenses will be awarded in favor of Plaintiff.

Accordingly, it is **ORDERED** that:

1. Defendant's motion for reconsideration, doc. 34, is **DENIED**.

2. Defendant's motions for stay, docs. 35 and 37, are partially **GRANTED**. Compliance with that order, doc. 30, is **STAYED** until the District Judge rules upon Defendant's objections, doc. 36.

3. If District Judge Mickle sustains my order on appeal, Plaintiff may move for an award of expenses for the costs associated with this motion for reconsideration and the appeal of my order. The procedures provided in Local Rule 54.1 shall be followed.

**DONE AND ORDERED** on September 22, 2006.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21812-cv-HUCK/O'SULLIVAN

COTY INC., ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,
And CALVIN KLEIN COSMETICS
CORPORATION,

    Plaintiffs,

v.

C LENU, INC., CARIDAD RODRIGUEZ,
And VICTOR L. RODRIGUEZ,

    Defendants.
_____/

**ORDER GRANTING NON-PARTY MIAMI PERFUME JUNCTION, INC.'S (MPJ) EMERGENCY MOTION FOR STAY OF MAGISTRATE JUDGE O'SULLIVAN'S DECEMBER 22, 2010 DISCOVERY ORDER PENDING ADJUDICATION OF MPJ'S MOTION FOR RECONSIDERATION OF SUCH ORDER OR MPJ'S ALTERNATIVE OBJECTION TO SUCH ORDER**

THIS CAUSE is before the Court upon Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Emergency Motion for Stay of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order Pending Adjudication of MPJ's Motion for Reconsideration of Such Order or MPJ's Alternative Objection to Such Order. The Court has carefully considered the Motion and is otherwise fully advised in the premises. It is hereby

**ORDERED AND ADJUDGED** that the Emergency Motion for Stay is GRANTED pending adjudication of MPJ's Motion for Reconsideration of the Discovery Order or MPJ's Alternative Objection to Such Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _____ day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc:
All counsel of record
The Honorable Paul C. Huck