UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-21812-CIV-HUCK/O'SULLIVAN

COTY INC., ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,
and CALVIN KLEIN COSMETIC CORP.,

       Plaintiffs,

v.

C LENU, INC., CARIDAD RODRIGUEZ,
and VICTOR L. RODRIGUEZ,

       Defendants.

_____/

## ORDER

THIS MATTER is before the Court on Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Motion for Reconsideration of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order (DE# 155, 1/4/11).[1] Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Motion for Reconsideration of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order (DE# 155, 1/4/11) is **DENIED as moot** for the reasons stated herein. It is further

ORDERED AND ADJUDGED that to the extent that Non-Party Miami Perfume Inc.'s Notice of Filing Revised Proposed Order on Non-Party Miami Perfume Junction,

---

[1] The instant motion is titled "Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Motion for Reconsideration of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order, **And, in the Alternative, its Objection to Such Order**" (DE# 155, 1/4/11) (emphasis added). On January 7, 2011, Judge Huck issued an Order denying without prejudice as premature the portion of MPJ's Motion for Reconsideration objecting to the discovery Order (DE# 150). This Order will address the remaining portions of the Motion for Reconsideration.

Inc.'s Motion for Reconsideration (DE# 164, 1/14/11) can be construed as a motion to vacate the Court's discovery Order (DE# 150), that request is **DENIED**.

## BACKGROUND

On December 22, 2010, the undersigned issued a discovery Order. See Order (DE# 150, 12/22/10). The Order (DE# 150) required that non-party Miami Perfume Junction (hereinafter "MPJ") disclose certain[2] suppliers and customers to the plaintiffs on or before December 30, 2010. Id. MPJ sought an extension of time until January 4, 2011 to comply with the discovery Order. See Non-Party Miami Perfume Junction, Inc.'s Agreed Motion for Brief Extension of Deadline in Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery, D.E. 150 (DE# 151, 12/27/10). The Court granted MPJ's request. See Order Granting Non-Party Miami Perfume Junction, Inc.'s Agreed Motion for Brief Extension of Deadline of Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery, D.E. 150 (DE# 153, 12/28/10).

On January 4, 2011, MPJ filed Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Motion for Reconsideration of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order (DE# 155, 1/4/11)[3] (hereinafter "Motion for Reconsideration"). The plaintiffs filed their response on January 21, 2011. See Plaintiffs' Opposition to Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration/Motion to Vacate (DE#

_____

[2] The discovery Order (DE# 150) did not require that MPJ disclose all of its suppliers and customers. Rather, the plaintiffs sought the disclosure "of the following information: (1) the persons or entities who supplied the products bearing the plaintiffs' marks that were decoded by the defendants ('suppliers') and (2) the purchasers of the decoded fragrance products ('customers')." Order (DE# 150 at 2, 12/22/10) (citing Plaintiffs' Motion to Compel Discovery from Non-Party Miami Perfume Junction (DE# 115 at 2, 10/1/10)). Thus, the discovery related only to the suppliers of products bearing the plaintiffs' marks and the purchasers of those products.

[3] The Motion for Reconsideration was inadvertently filed twice at docket entry 155 and docket entry 157.

168, 1/21/11). On January 27, 2011, MPJ filed its reply. <u>See</u> Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169, 1/27/11).

MPJ also moved for a stay of the discovery Order (DE# 150). <u>See</u> Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Emergency Motion for Stay of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order Pending Adjudication of MPJ's Motion for Reconsideration of Such Order or MPJ's Alternative Objection to Such Order (DE# 156, 1/4/11) (hereinafter "Motion to Stay"). On January 5, 2011, the Court stayed the discovery Order (DE# 150) pending the Court's resolution of MPJ's Motion for Reconsideration. <u>See</u> Order (DE# 158, 1/5/11). On or about January 11, 2011, the plaintiffs and the defendants in the instant case reached a settlement. The underlying case has now been resolved. On January 21, 2011, the Court entered a consent judgment and a permanent injunction. <u>See</u> Consent Judgment (DE# 166, 1/21/11); Final Order Entering Permanent Injunction (DE# 167, 1/21/11). Because all outstanding discovery was mooted by the settlement between the plaintiffs and the defendants, MPJ did not have to disclose its suppliers and customers.

On January 14, 2011, MPJ filed a notice attaching a revised proposed order. <u>See</u> Non-Party Miami Perfume Inc.'s Notice of Filing Revised Proposed Order on Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration (DE# 164, 1/14/11). MPJ's proposed order seeks to vacate the Court's discovery Order (DE# 150).

## ANALYSIS

### A.    Motion for Reconsideration

The parties' settlement mooted all on-going discovery in this matter. Accordingly, Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Motion for Reconsideration of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order (DE# 155, 1/4/11) is **DENIED as moot**.

**B.      Request to Vacate**

     **i.      MPJ Did Not File a Motion to Vacate**

MPJ's motion for reconsideration does not seek the vacatur of the Court's discovery Order (DE# 150). This relief is contained in the revised proposed order (DE# 164-1 at 3, 1/14/11) submitted by MPJ in a notice of filing. See Non-Party Miami Perfume Inc.'s Notice of Filing Revised Proposed Order on Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration (DE# 164, 1/14/11).[4] A request for relief from this Court must be made in the form of a written motion. See FED. R. CIV. P. 7 (b)(1) (stating that "[a] request for a court order must be made by motion."). Because no motion for vacatur is pending before this Court, the Court should deny MPJ's request for the entry of its revised proposed order providing for the vacatur of the discovery Order (DE# 150).  Even construing MPJ's notice of filing as a motion for vacatur, MPJ is not entitled to the vacatur for the reasons stated below.

     **ii.      It Is Unclear Whether the Court Has Authority to Vacate a Discovery Order after the Entry of a Final Judgment**

MPJ seeks the vacatur of a discovery order. A district court, in its discretion, can modify or vacate a non-final order at any point prior to the entry of a final judgment. FED. R. CIV. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

---

[4] The plaintiffs state in their response that MPJ "filed a motion to vacate . . . ." Plaintiffs' Opposition to Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration/Motion to Vacate (DE# 168 at 2, 1/21/11). This statement is inaccurate. MPJ's motion for reconsideration does not seek the vacatur of the Court's discovery Order (DE# 150). A review of the docket shows that no motion for vacatur was filed by MPJ. Rather, the vacatur was contained in the revised proposed order attached to MPJ's notice. See Revised Proposed Order (DE# 164-1, 1/14/11).

rights and liabilities."); <u>Bon Air Hotel, Inc. v. Time, Inc.</u>, 426 F.2d 858, 862 (5th Cir. 1970) (stating that "because the order was interlocutory, the court at any time before final decree (could) modify or rescind it.") (citations and internal quotation marks omitted).[5]

In the instant case, the consent judgment was entered on January 21, 2011. <u>See</u> Consent Judgment (DE# 166, 1/21/11). The cases addressed below concern or discuss the vacatur of a judgment. <u>See</u> <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36, 40 (1950) (observing that the government "made no motion to vacate the judgment."); <u>U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership</u>, 513 U.S. 18, 19 (1994) (stating that "[t]he question in this case is whether appellate courts in the federal system should vacate civil **judgments** of subordinate courts in cases that are settled after appeal is filed or certiorari sought.") (emphasis added). Even in <u>Northern California Power</u>, a case relied on by MPJ in its reply brief,[6] the court first recalled the mandate before granting the motion to vacate an order. <u>Northern California Power Agency v. Nuclear Regulatory Commission</u>, 393 F.3d 223, 224 (D.C. Cir. 2004) (stating that "[t]o restore our jurisdiction, the mandate would have to be recalled."). Thus, in light of the entry of the consent judgment, it is unclear whether the Court even has the authority to vacate the discovery Order (DE# 150). Even if the Court has the authority to vacate a discovery Order (DE# 150) after the entry of the consent judgment, the Court concludes that the vacatur of this Order is not warranted in the instant case.

---

[5] The Eleventh Circuit in <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (<u>en</u> banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[6] <u>See</u> Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 4, 1/27/11).

### iii.   **Munsingwear and Bancorp Are Inapplicable to the Instant Case**

MPJ and the plaintiffs cite to the Supreme Court's decisions in United States v. Munsingwear, Inc., 340 U.S. 36 (1950) and U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994). In its reply brief, MPJ cites to Munsingwear in support of its argument that the Court's discovery Order (DE# 150) should be vacated. See Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 5, 1/27/11) (stating that "[t]he intervening mootness caused by the settlement of the entire case, unrelated to any actions by MPJ, thus presents the classic case for application of the Munsingwear rule."). The plaintiffs cite to Bancorp in support of their position that the Court should not vacate the discovery Order (DE# 150). See Plaintiffs' Opposition to Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration/Motion to Vacate (DE# 168 at 3, 1/21/11) (stating that "[a] motion to vacate should only be granted in 'exceptional circumstances,' and the decision 'should stand unless a court concludes that the public interest would be served by vacatur.'") (citing Bancorp, 513 U.S. at 26, 29). For the reasons stated below, the undersigned concludes that neither case is applicable here.

In Munsingwear, the government filed a complaint against the defendant for price-fixing a regulated commodity. Munsingwear, 340 U.S. at 37. The government's complaint sought injunctive relief (count I) and treble damages (count II). Id. The district court held in abeyance the government's claim for treble damages (count II) pending a determination on the claim for injunctive relief (count I). Id. The same procedure was followed in a separate action involving the same parties, the same issues and covering a later time period. Id. at 37-38. The district court ruled against the government on the claim for injunctive relief (count I) and dismissed the complaint. Id. at 37. The government appealed the district court's judgment to the circuit court. Id. While the case

6

was on appeal, the commodity at issue was decontrolled, thus the case became moot and the circuit court dismissed the appeal for mootness. Id. The defendant "moved in the [d]istrict [c]ourt to dismiss the [remaining] treble damage actions on the ground that the unreversed judgment of the [d]istrict [c]ourt in the injunction suit was res judicata of those other actions." Id. The district court granted the motion and dismissed the other treble damages actions. The government appealed to the circuit court. Id. The circuit court affirmed the lower court's decision. The government appealed to the Supreme Court seeking to avoid the preclusive effect of the district court's judgment on the remaining treble damages actions. The Supreme Court affirmed, observing that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way [to the Supreme Court] or pending [the Supreme Court's] decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." Id. at 39. The Supreme Court concluded that the government had "slept on its rights" when it failed to obtain a vacatur of the district court's unfavorable judgment on the claim for injunctive relief (count I). Id. at 41. "In this case the United States made no motion to vacate the judgment. It acquiesced in the dismissal. It did not avail itself of the remedy it had to preserve its rights." Id. at 40.[7]

---

[7] MPJ maintains that "[i]n Musingwear the non-final judgment under review became moot during the appeal because the price controls at issue in the underlying case had been repealed, **prompting the Munsingwear Court to dismiss the appeal with directions to the lower court to vacate the non-final judgment**." See Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 3, 1/27/11) (emphasis added). This is an inaccurate reading of Munsingwear. It is unclear whether MPJ is referring to the appellate court or the Supreme Court when using the term "Munsingwear Court." However, it is clear that neither the appellate court or the Supreme Court "dismissed the appeal with directions to the lower court to vacate the non-final judgment" as MPJ maintains. The judgment in Munsingwear was not vacated. In fact, the Supreme Court affirmed the ruling below finding that the government had "slept on its rights" when it failed to seek the vacatur of the lower court's judgment. Munsingwear, 340 U.S. at 40-41 (stating that the government "made no motion to vacate the judgment" and "slept on its rights").

Almost forty-four years after <u>Munsingwear</u>, the Supreme Court decided <u>Bancorp</u>. The issue in <u>Bancorp</u> was "whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought." <u>U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership</u>, 513 U.S. 18, 19 (1994). In that case U.S. Bancorp Mortgage Co. ("Bancorp") held the loan and mortgage on a property owned by Bonner Mall Partnership ("Bonner"). <u>Id.</u> Bonner defaulted on its real-estate taxes and Bancorp scheduled a foreclosure sale. <u>Id.</u> On the day of the foreclose sale, Bonner filed a petition for bankruptcy and the foreclosure sale was stayed pursuant to the automatic stay provision of the bankruptcy code. <u>Id.</u> 19-20. Bancorp (now a bankruptcy court creditor) filed a motion to suspend the automatic stay that precluded the foreclosure sale of the subject property. The bankruptcy court granted the motion but stayed its order pending an appeal by Bonner (the bankruptcy court debtor). <u>Id.</u> at 20. On appeal, the district court reversed the order lifting the automatic stay. <u>Id.</u> Bancorp appealed to the circuit court. The circuit court affirmed. <u>Id.</u> Bancorp then petitioned for a writ of certiorari from the Supreme Court. After the case had been briefed on the merits, Bancorp and Bonner stipulated to a plan of reorganization which was approved by the bankruptcy court. The parties agreed that the confirmation of that plan mooted the case. Nonetheless, Bancorp sought to vacate the judgment of the circuit court. <u>Id.</u> at 20. The Supreme Court declined to extend <u>Munsingwear</u> to cases involving settlement. <u>Id.</u> at 24. The Supreme Court observed that "[w]here mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary process of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." <u>Id.</u> at 25. The Court held that "mootness by reason of settlement does not justify vacatur of a judgment under review." <u>Id.</u> at 29.

8

MPJ argues that Bancorp is inapplicable to the instant case because in Bancorp the party seeking the vacatur caused the mootness by agreeing to the settlement whereas here the discovery Order MPJ sought to appeal to the district court pursuant to FED. R. CIV. P. 72(a) became moot through no fault of its own. See Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 2, 1/27/11) (stating that "[t]he . . . Bancorp standard is inapplicable here, however, because . . . Bancorp applies to actions where one or both of the named parties seek to vacate a non-final judgment subject to appeal based on the mootness caused by their subsequent settlement of the case."). The Court agrees with MPJ that Bancorp is inapplicable but for different reasons.

The procedural posture of this case is different from that of Munsingwear and Bancorp. Munsingwear and Bancorp were both on direct appeal when the cases became moot. The instant case is not on direct appeal.[8] See Keeler v. Mayor and City Council of Cumberland, et al., 951 F. Supp. 83, 84 (D. Md. 1997) (distinguishing Munsingwear and Bancorp on the basis that "those cases concern only procedures applicable when a case is mooted while on direct review. . . ."). Moreover, those cases concerned or discussed the vacatur of a judgment. Here, MPJ is not seeking to vacate the judgment of this Court but to vacate a discovery Order.

The rationale of Munsingwear was that "vacatur 'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." Bancorp, 513 U.S. at 22-23 (citing Munsingwear, 340 U.S. at 40). The government in Munsingwear was concerned with res judicata, the preclusive effect of the court's judgment on other litigation between the

---

[8] Although MPJ filed an objection to the Court's discovery Order (DE# 150), MPJ's objection became moot when the parties settled their claims thereby ending all pending discovery.

same parties. See Bashkin v. Keisler, No. 06 C 2518, 2008 WL 4866352, at * 3 (N.D. Ill. Jun. 13, 2008) (stating that "[t]he Munsingwear Court was concerned that an unreviewed decision would have preclusive effect in future litigation between parties.") (citing Munsingwear, 340 U.S. at 40). Here, the discovery Order (DE# 150) has no preclusive effect on MPJ. If the identity of MPJ's suppliers and customers becomes the subject of a future discovery dispute in another case, that court would have to consider the particular facts and circumstances of that case to determine whether the discovery should be had. The concerns of Munsingwear are simply not present here. See FTC v. Food Town Stores, Inc., 547 F. 2d 247, 248 (4th Cir. 1977) (per curiam) (concluding that Munsingwear was inapplicable to order that had no res judicata effect). For these reasons, Munsingwear and Bancorp are inapplicable to the instant case.

### iv. Vacatur of the Discovery Order Is Not Warranted

Putting aside the Court's conclusion that Bancorp and Munsingwear are inapplicable to the instant case, MPJ has failed show that it is entitled to the vacatur of the Court's discovery Order (DE# 150). MPJ argues that because it was not a party to the settlement, it is entitled to the vacatur of the Court's discovery Order (DE# 150) without a showing of exceptional circumstances. See Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 3-4, 1/27/11) (stating that "Bancorp required a settling party to make a heightened showing of exceptional circumstances to justify its request to vacate" but "did not . . . impose this heightened standard upon the type of case present in Munsingwear"). MPJ further argues that even if it were required to show exceptional circumstances, "MPJ can establish strong equitable and public interest grounds for this Court vacating the [Discovery] Order." Id. at 7. MPJ is wrong on both counts.

### a.    Vacatur as a Matter of Course

The Supreme Court in <u>Bancorp</u> "st[ood] by <u>Munsingwear</u> 's dictum that mootness by happenstance provides sufficient reason to vacate." <u>Bancorp</u>, 513 U.S. at 25 n. 3. The Court explained that "[t]he reference to 'happenstance' in <u>Munsingwear</u> must be understood as an allusion to th[e] equitable tradition of vacatur. A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." As the Second Circuit has observed "[t]he rationale behind this rule providing for vacatur rests on basic notions of fair play and justice: A party should not suffer the adverse <u>res judicata</u> effects of a district court judgment when it is denied the benefit of appellate review through no fault of its own." <u>Associated General Contractors of Connecticut, Inc. v. City of New Haven</u>, 41 F.3d 62, 67 (2d Cir. 1994) (citation omitted). However, unlike the parties in <u>Munsingwear</u> who were bound by the lower court's judgment, MPJ is not bound by this Court's discovery Order (DE# 150). In fact, MPJ ultimately did not disclose its suppliers and customers to the plaintiffs because the plaintiffs and the defendants resolved the underlying lawsuit. Moreover, the discovery Order has no preclusive effect on any future litigation involving MPJ. <u>See</u>, <u>supra</u>. Thus, the equity and fairness concerns of binding a litigant to an adverse unreviewed judgment are simply not present here. There is no inherent unfairness to MPJ in denying its request for vacatur of the discovery Order. Thus, the Court's discovery Order (DE# 150) should not be vacated as a matter of course.

### b.    Vacatur Based on Exceptional Circumstances

MPJ also fails to show exceptional circumstances warranting the vacatur of the discovery Order (DE# 150). MPJ maintains that it does not need to make a showing of exceptional circumstances but argues that exceptional circumstances are nonetheless

present in this case. See Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 7, 1/27/11). The first ground raised by MPJ is that the Court's discovery Order is available on Westlaw "which falsely gives it the imprimatur of finality." Id. The fact that the Court's Order (DE# 150) is available on Westlaw is far from exceptional. Court orders and opinions are frequently "published" online, oftentimes before a case has become final.

MPJ urges that its revised proposed order providing for the vacatur of the discovery Order (DE# 150) must be entered because a supplier who was not covered under the discovery Order (DE# 150) "threaten[ed] to cut-off future supply of product to MPJ if MPJ made the disclosures set forth in the order." See Non-Party Miami Perfume Inc.'s Notice of Filing Revised Proposed Order on Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration (DE# 164 at 2, 1/14/11). However, as the plaintiffs observed, MPJ could simply inform this supplier or any other entity that it did not have to produce a list of its customers and suppliers because the parties settled the underlying lawsuit. See Plaintiffs' Opposition to Non-Party Miami Perfume Junction, Inc.'s Motion for Reconsideration/Motion to Vacate (DE# 168 at 4, 1/21/11) (observing that "MPJ fails to explain why it cannot mitigate any possible harm by simply advising its suppliers and customers that the case settled before it disclosed their identities.").

MPJ also argues that "there is no precedential value to 'rob' from the decision which, due to settlement will remain unreviewed on the merits" and that the Order (DE# 150) should be vacated "to prevent the misuse of the Order, now published online . . . 'from spawning any legal consequences' due to an incomplete record of its final disposition." See Non-Party Miami Perfume Junction, Inc.'s Reply in Support of Its Proposed Revised Order (DE# 169 at 8, 1/27/11) (citing Munsingwear, 340 U.S. at 41) (emphasis omitted). The Court's discovery Order is not binding precedent on this or any

other court. "The opinion of a district court carries no precedential weight, even within the same district." United States v. Cerceda, 172 F.3d 806, 812 n. 6 (11th Cir. 1999) (per curiam) (citations omitted). Nonetheless, the discovery Order may have persuasive value to future litigants and courts addressing similar discovery disputes. The fact that MPJ sought reconsideration of the discovery Order does not make the analysis contained in the Order any more or less persuasive to other courts or future litigants. Finally, MPJ clings to the "spawning any legal consequences" language in Munsingwear. Munsingwear, 340 U.S. at 41. The legal consequences referred to in that statement are the res judicata or preclusive effects of the unvacated final judgment on the litigants to that case. See United States v. Tapia-Marquez, 361 F.3d 535, 538 (9th Cir. 2004) (stating that "[t]he purpose underlying the vacatur rule in Munsingwear is to deny preclusive effect to a ruling that, due to mootness, was never subjected to meaningful appellate review."). MPJ has not made the requisite showing of exceptional circumstances warranting the vacatur of this Court's discovery Order (DE# 150). Accordingly, to the extent that MPJ's notice of filing can be construed as a motion for vacatur, that relief is **DENIED**.

## CONCLUSION

Based on the foregoing, Non-Party Miami Perfume Junction, Inc.'s ("MPJ") Motion for Reconsideration of Magistrate Judge O'Sullivan's December 22, 2010 Discovery Order (DE# 155, 1/4/11) is **DENIED as moot**. To the extent that MPJ's notice can be construed as a motion for vacatur, that relief is also **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **15th** day of February, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All Counsel of Record